JPL/BAO/JLL                Firm I.D. 33179                526-1-8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Court No.: 08 CV 1062 |
| ZEFCOM, LLC d/b/a TELISPIRE, TELISPIRE, INC., U.S. MOBILE, INC., EZ STREAM, INC., QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION, EZ COM, CHICAGO, INC., d/b/a QUICK COM CHICAGO, and RAMSEY NATOUR, individually and d/b/a U.S. MOBILE, INC., QUICK COMM, INC. a/k/a QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION and/or QUICK COM CHICAGO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**FILED FEB 2 1 2008 JUDGE JOAN H. LEFKOW UNITED STATES DISTRICT COURT**

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, PLATINUMTEL COMMUNICATIONS, LLC, (hereinafter "PlatinumTel"), by its attorneys, John P. Lynch, Jr., Brian A. O'Gallagher, Jessica L. Lesniewski and CREMER, KOPON, SHAUGHNESSY & SPINA, LLC, hereby move, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for the entry of a temporary restraining order and thereafter, a preliminary injunction to enjoin Defendants from: 1) using false or misleading advertising or description in connection with prepaid wireless service; 2) engaging in any activity constituting unfair competition with the Plaintiff; 3) destroying or otherwise disposing of any advertisements

or documents pertaining to advertising or sales of prepaid wireless services; and 4) assisting, aiding or abetting other persons or businesses in engaging or performing in any of the activities enumerated in Plaintiff's Complaint at Law.

Plaintiff also requests a temporary restraining order, and thereafter a preliminary injunction enjoining Defendant, ZEFCOM, LLC, d/b/a TELISPIRE, (hereinafter "Telispire"), and any principals, officers, agents, servants, employees, attorneys, representatives, successors and assigns, and all those in privity, concert or participation with Telispire, from providing any wireless minutes, services or otherwise engaging in business with Defendants, U.S. MOBILE INC., EZ STREAM, INC., QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION, EZ COM CHICAGO, INC., d/b/a QUICK COM CHICAGO, and RAMSEY NATOUR individually and d/b/a U.S. MOBILE, INC., QUICK COMM, INC. a/k/a QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION and/or QUICK COM CHICAGO, and any of these Defendants' principals, officers, agents, servants, employees, successors and assigns. However, such an order will only be sought in so far as consumers are not denied previously purchased minutes or services.

In support of this Motion and incorporated herein by reference, Plaintiff submits its Memorandum of Law and the Affidavits of Omar M. Aqel, Vice President of PlatinumTel, and Areej Malley, an employee of PlatinumTel.

A synopsis of the Verified Complaint filed by the Plaintiff is set forth below.

A.     On information and belief, Defendants, U.S. MOBILE, INC., QUICK COMM, INC. a/k/a QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION, and EZ COM, CHICAGO, INC., d/b/a QUICK COM CHICAGO are all owned and operated by Defendant, RAMSEY NATOUR and, therefore, share common ownership, marketing and advertising plans and schemes.

B. On information and belief, Defendant RAMSEY NATOUR is doing business as QUICK COMM, INC. a/k/a QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION, and/or EZ COM, CHICAGO, INC., d/b/a QUICK COM CHICAGO

C. On information and belief, Defendant RAMSEY NATOUR is doing business as U.S. MOBILE, INC. (hereinafter "U.S. Mobile").

D. Defendants QUICK COMM, INC. a/k/a QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION, and EZ COM, CHICAGO, INC., d/b/a QUICK COM CHICAGO, (hereinafter "Quick Com entities") and RAMSEY NATOUR, individually and d/b/a U.S. MOBILE, INC., QUICK COMM, INC. a/k/a QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION and/or QUICK COM CHICAGO (hereinafter "Natour"), sell U.S. Mobile cell phones and U.S. Mobile-sponsored wireless voice and data services to consumers throughout retail stores in the Chicago area.

E. PlatinumTel is a well recognized and respected provider of retail prepaid wireless voice and data services. It has been in the prepaid wireless services industry since 2002.

F. Defendant, Telispire, is a nationwide provider of wireless voice and data services, providing private label branding of such services to companies including, but not limited to, Defendants, U.S. Mobile, Natour, and EZ STREAM, INC. (hereinafter "EZ Stream"), who in turn sell prepaid wireless voice and data services to consumers in the same market as PlatinumTel.

G. Defendants, U.S. Mobile, E.Z. Stream and Natour are in the business of providing retail wireless voice and data services to consumers in the Chicago area and are direct competitors of the Plaintiff.

H. PlatinumTel's cell phones and services are sold nationwide at authorized retail stores and on its Online Store. The Plaintiff has devoted a substantial amount of time, effort, money and resources to the promotion, advertising, and marketing of its pre-paid wireless services and continues to do so.

I. A purchaser of prepaid wireless services buys access to wireless telephone minutes and as the consumer uses up the minutes, he or she has (or should have) the ability to access through the internet a Call Detail Report ("CDR"). The CDR identifies the minutes remaining along with details regarding each call placed. The CDR includes the date, time and length of the call along with the phone number called. Since the services are prepaid, the consumer does not receive invoices with detailed information

3

regarding the calls. Once the consumer has exhausted the minutes purchased, he or she has the option of purchasing additional minutes to add to his or her program.

J. On information and belief, in 2005, EZ Stream entered the prepaid wireless services market in the Chicago region. Shortly thereafter, PlatinumTel began to notice EZ Stream advertisements that made little or no economic sense. Prepaid wireless minutes were being offered by EZ Stream at prices that simply could not be profitable.

K. On information and belief, in 2006, U.S. Mobile and Natour entered the prepaid wireless services market in the Chicago region. Shortly thereafter, PlatinumTel began to notice U.S. Mobile advertisements that made little or no economic sense. U.S. Mobile and Natour were offering prepaid wireless minutes at prices that simply could not be profitable.

L. PlatinumTel began to investigate the services provided by U.S. Mobile, Natour and EZ Stream. PlatinumTel purchased phones from U.S. Mobile and EZ Stream along with prepaid wireless services.

M. The wireless services provided to PlatinumTel by U.S. Mobile and EZ Stream were purchased by those Defendants from Telispire. On information and belief, Telispire was aware of the prepaid wireless programs being offered by Defendants U.S. Mobile and EZ Stream through, among other sources, billing and reconciliation documents it received from Sprint PCS, U.S. Mobile and EZ Stream. Like PlatinumTel, Telispire acquires its minutes from Sprint PCS.

N. U.S. Mobile represents to its customers that a one-minute connection fee will be assessed to the consumer per day. In other words, one minute will be automatically deducted from the account per day. U.S. Mobile, however, refuses to produce a copy of its terms and conditions to consumers and directs its customers to obtain the terms and conditions from the dealer who sold the customers the phone. When attempts are made to obtain those terms and conditions from dealers, dealers advise there are no such terms and conditions. No terms and conditions for U.S. Mobile prepaid services appear on its website.

O. In many circumstances, the dealers advising U.S. Mobile customers that there are no terms and conditions for U.S. Mobile cellular programs are Quick Com entities owned and operated by Natour, who also owns and operates U.S. Mobile.

P. U.S. Mobile significantly and routinely misrepresents the minutes available under its prepaid wireless programs to consumers in the following ways, and perhaps others: imposing more than a one minute

4

daily connection fee in violation of its policies, contrary to its representations and without notice to the customer; arbitrarily adding time to calls, without notice to the customer, such that the minutes erode from the program more quickly than originally represented; and not providing the minutes promised under its various plans. This fraud generates a significant profit for U.S. Mobile.

Q. U.S. Mobile also misleads its customers into believing that it has a Customer Service Program, when in fact the customer service number listed on its website is frequently disconnected, as it has been since at least February 8, 2008.

R. Many, if not most, of the U.S. Mobile phones and prepaid programs are advertised and sold by Quick Com entities at its retail stores throughout Chicago.

S. EZ Stream engages in some of the same conduct as U.S. Mobile. EZ Stream represents in advertisements that, "calls made or received during peak time are billed at a one minute connection fee on all Talk More plans." However, EZ Stream routinely, arbitrarily, willfully and without notice to its customers imposes on its customers a connection fee of substantially more than one minute.

T. EZ Stream significantly and routinely misrepresents the minutes available under its prepaid wireless programs in the following ways, and perhaps others: imposing more than a one minute connection fee in violation of its policies, contrary to its representations and without notice to the customer; arbitrarily adding time to calls without notice to the customer, such that the minutes erode from the program more quickly than represented; and not providing the minutes promised under its various plans. This fraud generates a significant profit for EZ Stream.

U. After years of investment and building a reputation of providing high quality pre-paid wireless services, PlatinumTel became a leading prepaid wireless provider in the United States. However, since the entry of EZ Stream, U.S. Mobile and Natour into this prepaid market and their employment of fraudulent advertising in their marketing plans, PlatinumTel's revenue and profitability have declined considerably. PlatinumTel posted substantial, seven-figure losses in 2005 and 2006 as a result of this activity.

V. Because PlatinumTel cannot compete with Defendants' fraudulent and deceptive marketing efforts, and will not engage in similar conduct, it has been forced to terminate the employment of nearly half of its employees over the last 24 months.

W.  Upon discovering the fraudulent activity of the Defendants, PlatinumTel contacted Telispire, which has knowledge of the Defendants' scheme and is economically benefiting from it. PlatinumTel contacted Curtis Knobloch, Telispire's CEO, and requested that Telispire intervene and stop the conduct of U.S. Mobile and EZ Stream. Telispire has refused to take any action and instead continues to provide services to U.S. Mobile and EZ Stream in furtherance of their fraud and accept profits that result from it and, therefore, is aiding and abetting this fraudulent scheme.

X.  PlatinumTel suffers damages on a daily basis as the result of Defendants fraudulent and deceptive conduct. The entry of a TRO is necessary to stop the irreparable injury that PlatinumTel will sustain if Defendants continue in their unlawful activities.

Y.  Furthermore, the entry of a TRO without notice to Defendants is appropriate, if notice cannot be obtained.

WHEREFORE, PLATINUMTEL COMMUNICATIONS, LLC, respectfully moves the Court for:

1.  The entry of a TRO and thereafter, a preliminary injunction, to enjoin Defendants from: 1) using false or misleading advertising or description in connection with prepaid wireless service; 2) engaging in any activity constituting unfair competition with the PLATINUMTEL COMMUNCAITIONS, LLC; 3) engaging in any practice that causes consumers of Defendants' products and services to be denied minutes or any wireless service promised to them by the Defendants; 4) destroying or otherwise disposing of any advertisements or documents pertaining to advertising, sales/purchase or billing of prepaid wireless service; 5) assisting, aiding or abetting other persons or businesses in engaging or performing in any of the activities enumerated in PLATINUMTEL COMMUNCAITIONS, LLC's complaint; 6) compelling Defendants' to provide the consumer and purchasers of their products with the terms and conditions of its wireless programs upon request and to post said terms on their websites; and 7) compelling Defendants' to abide by its terms and conditions and to provide the minutes to consumers that it represents in advertising will be provided.

2.  The entry of a TRO, and thereafter a preliminary injunction, enjoining Defendant, ZEFCOM, LLC, d/b/a TELISPIRE, and any principals, officers, agents, servants, employees, attorneys, representatives, successors and assigns, and all those in privity, concert or participation with ZEFCOM LLC, d/b/a TELISPIRE, from providing any wireless minutes, services or otherwise engaging in business with Defendants, U.S. MOBILE INC., EZ STREAM, INC., QUICK COM, INC.,

QUICK COM II, INC., QUICK COM CELLULAR CORPORATION, EZ COM CHICAGO, INC., d/b/a QUICK COM CHICAGO, and RAMSEY NATOUR individually and d/b/a U.S. MOBILE, INC., QUICK COMM, INC. a/k/a QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION and/or QUICK COM CHICAGO, and any of these Defendants' principals, officers, agents, servants, employees, successors and assigns.

3. The entry of an order for expedited discovery and a hearing date on PLATINUMTEL COMMUNICATIONS, LLC's Motion for Preliminary Injunction.

CREMER, KOPON, SHAUGHNESSY & SPINA, LLC.

By: ___/s/ John Lynch, Jr.___
Attorneys for Plaintiff

John P. Lynch, Jr.
Brian A. O'Gallagher
Jessica Lesniewski
CREMER, KOPON, SHAUGHNESSY & SPINA, LLC
180 North LaSalle Street, Suite 3300
Chicago, IL 60601
T: (312) 726-3800
F: (312) 726-3818
185502

## PROOF OF SERVICE

I, the undersigned attorney, certify that I filed this Proof of Service and the documents identified herein through the Court's ECM/CF document filing system, which will cause electronic notification of the filing to be sent to all counsel of record.

/s/ John Lynch, Jr.