**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ZEFCOM, LLC d/b/a TELISPIRE, )<br>TELISPIRE, INC, et al., )<br>)<br>Defendants. )<br>) | No. 08 CV 1062<br><br>Judge JOAN H. LEFKOW |

**DEFENDANT TELISPIRE'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant ZefCom, LLC d/b/a Telispire® ("Telispire"), moves pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) to dismiss the Complaint filed by Plaintiff PlatinumTel Communications, LLC ("PlatinumTel.")  All of PlatinumTel's claims against Telispire are based upon allegations that the Defendants other than Telispire (collectively "the EZ Stream and U.S. Mobile Defendants") defrauded customers by making purportedly false statements in advertising their prepaid cellular phone service products.  Because PlatinumTel does not allege any false statements made by Telispire (or, indeed, any specific statements by any of the other Defendants), or any facts supporting its conclusory allegations that Telispire was somehow involved in any of the conduct it claims the EZ Stream and U.S. Mobile Defendants engaged in, PlatinumTel fails to state a claim against Telispire.  The claims against Telispire should be dismissed, with prejudice.

## BACKGROUND

This case is a dispute between PlatinumTel and the EZ Stream and U.S. Mobile Defendants, who compete with PlatinumTel in the retail sale of pre-paid cellular telephones in the greater Chicago area. (Compl. ¶¶ 35, 39.) A prepaid cellular telephone is a phone that is sold along with a prepaid number of minutes of use, so that the customer does not have to enter into a long-term contract for cellular service. (*See Id.* ¶ 27.) PlatinumTel describes the EZ Stream and U.S. Mobile Defendants as its "direct competitor[s]." (*Id.* ¶¶ 22-24.)[1] PlatinumTel alleges that the EZ Stream and U.S. Mobile Defendants have defrauded retail customers by using advertising that misrepresents the minutes available under their prepaid wireless programs and by imposing excessive fees in violation of their terms and conditions of service without notice to their customers. (*Id.* ¶¶ 18, 29-39.)

Telispire does not belong in this case. PlatinumTel does not allege that Telispire made any false statements in advertising its services. Moreover, PlaintumTel does not allege that Telispire sells prepaid services to retail customers in the greater Chicago area, or that Telispire competes with PlaintumTel in the sale of those retail services. (*Id.* ¶¶ 64-67.) As PlatinumTel alleges, Telisipre is a reseller of cellular service. (*Id.* ¶ 7-8.) Telispire purchases minutes of use from companies such as Sprint PCS and resells those minutes directly or indirectly to other companies, including the EZ Stream and U.S. Mobile Defendants, which then sell the services to retail customers under their own brands. (*Id.* ¶ 32.) It appears that PlaintumTel sued Telisipire in the hope of obtaining an injunction putting its competitors, the EZ Stream and U.S. Mobile Defendants, out of business by restraining Telispire "from providing any wireless minutes, services or otherwise engaging in business with Defendants U.S. Mobile, Natour and EZ Stream

---

[1] Plaintiff's complaint is mis-numbered, having two paragraph 22 and two paragraph 23. For purposes of this motion, Defendant makes reference to the numbers assigned by Plaintiff.

and any of their principals, officers agents, servants, employees, successors and assigns." (*Id.* at 17, ¶ 2.)

PlatinumTel alleges that EZ Stream and U.S. Mobile have advertised prices for prepaid services which "made little or no economic sense." (*Id.* ¶ 29-30.) PlatinumTel quotes one statement purportedly made by EZ Stream, but does not identify any advertisement in which that statement appears. (*Id.* ¶ 38.) PlatinumTel does not identify any statement by the U.S. Mobile Defendants which it claims is false. (*Id.* ¶ 35.) PlaintumTel also alleges generally that the EZ Stream and U.S. Mobile Defendants "significantly and routinely misrepresent[] the minutes available under [their] prepaid wireless programs to consumers . . . such that the minutes erode from the program more quickly than represented," with the result that the Defendants do not provide "the minutes promised under [their] various plans." (*Id.* ¶¶ 35, 39.)

PlatinumTel alleges, upon information and belief, that Telispire had knowledge of the conduct of the other defendants and "knowingly benefits financially from the sales of U.S. Mobile and EZ Stream programs and their false advertising scheme to defraud customers of wireless minutes." (*Id.* ¶¶ 64-65.) PlatinumTel alleges, again on information and belief, that Telispire "continues to aid and abet the fraudulent scheme." (*Id.* ¶ 66.) PlatinumTel alleges on information and belief that because Telispire sells minutes to the EZ Stream and U.S. Mobile Defendants, "it has the ability and obligation to stop that activity." (*Id.* ¶ 67.) PlatinumTel alleges on information and belief that Telispire has committed overt acts in furtherance of a conspiracy with EZ Stream and U.S. Mobile to defraud consumers, but does not allege what those purported acts were. (*Id.* ¶¶ 66, 86-95.) Finally, PlatinumTel claims that it informed Telispire of its complaints about the EZ Stream and U.S. Mobile Defendants, and that Telispire

has refused to take any action against those Defendants and continues to provide service to them. (*Id.* ¶ 42.)

Based on those sparse and conclusory allegations, PlatinumTel asserts five claims against Telispire:  (1) False Advertising under the Lanham Act; (2) Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act; (3) Violations of the Illinois Uniform Deceptive Trade Practices Act; (4) Civil Conspiracy between Telispire and EZ Stream; and (5) Civil Conspiracy between Telispire and U.S. Mobile.

## ARGUMENT

**I.     PLATINUMTEL FAILS TO STATE A CLAIM FOR RELIEF AGAINST TELISPIRE UNDER THE LANHAM ACT.**

Section 1125(a)(1) of the Lanham Act is intended to redress injuries suffered by a plaintiff as a result of false statements made by the plaintiff's competitor. *Jack Russell Terrier Network v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1037-38 (9th Cir. 2005.)  If a defendant is not a competitor of the plaintiff, or if the plaintiff fails to allege that the defendant made any false statement, Section 1125(a)(1) does not apply.  *See generally Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221, 223 (3d Cir. 1998) (affirming dismissal of claims because retailer plaintiff not a competitor with supplier of products used by retail competitors); *Cardionet, Inc. v. Lifewatch Corp.*, No. 07 C 6625, 2008 U.S. Dist. LEXIS 15941, *7-9 (N.D. Ill., February 27, 2008) (dismissing Lanham Act claim where false statement not adequately alleged.)[2]  PlatinumTel fails to plead either that Telispire is its competitor or that Telispire made a false statement.  Accordingly, the Lanham Act claim against Telispire should be dismissed.

---

[2] To state a false advertising claim under the Lanham Act, a plaintiff must show that the defendant: (1) made a false or misleading statement, (2) that actually deceives or is likely to deceive a substantial segment of the advertisement's audience, (3) on a subject material to the decision to purchase the goods, (4) touting goods entering interstate commerce, (5) and that results in actual or probable injury to the plaintiff." *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999.)

Moreover, because PlatinumTel has no viable federal claim, the Court should decline to exercise pendant jurisdiction and should dismiss the remaining state law claims against Telispire.

> **A.     PlatinumTel Lacks Standing to Assert a Lanham Act Claim Against Telispire Because the Two Companies Are Not Competitors.**

The Lanham Act is designed to redress disputes between competitors.  Thus, in order to have standing to bring a false advertising claim under the Act, "the plaintiff must assert a discernible *competitive* injury." *See L.S. Heath & Son v. At & T Info. Sys.*, 9 F.3d 561, 575-76 (7th Cir. 1993) (*emphasis added*); *accord Jack Russell Terrier Network*, 407 F.3d at 1037 ("for standing pursuant to the 'false advertising' prong of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), a plaintiff must show . . . that the injury is 'competitive,' or harmful to the plaintiff's ability to compete *with the defendant*.")(*emphasis added*.)  Applying that requirement, courts have routinely held that a plaintiff retailer has no standing under the Lanham Act to sue its competitors' suppliers or wholesalers for false advertising.  *See e.g. Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 197 (2d Cir. 2001) (affirming dismissal because AT&T not "competitor" with reseller of its network services); *Conte Bros. Auto., Inc.*, 165 F.3d at 223 (affirming dismissal because retailers lacked standing to assert claims against the manufacturer of product used by competing retailers.)

That limitation on standing was created because "Congress sought to redress" only competitive harms by enacting the Lanham Act.  *Conte Bros. Auto., Inc.*, 165 F.3d at 234.  Where a manufacturer or supplier makes false statements in its advertising, even it those statements cause a retailer to lose sales, the statements do not necessarily impact the retailer's ability to compete; nor do they detract from the retailer's reputation or good will.  *Id.* at 234.  The retailer is still free to compete in the marketplace, and could even attempt to sell the same product that his competitor sells.  *Id.* at 235.  To the extent the manufacturer or supplier has done

-5-

something improper, there is a readily identifiable group of competitors (other manufacturers and suppliers) who could seek redress under the Lanham Act should they so choose. Therefore, in *Conte* the court refused to extend standing to a retailer plaintiff suing the company that simply supplied a competing retailer. *Id.* Otherwise, "recognizing the right of every potentially injured party in the distribution chain to bring a private damages action would subject defendant firms to multiple liability" and "every corner grocer in America alleging that his sales of one brand of chocolate bars have fallen could bring a federal action against the manufacturer of another brand for falsely representing the chocolate content of its product." *Id*.

PlatinumTel's allegations are even more attenuated than the allegations at issue in *Conte* and the other cases cited above. Not only is PlatinumTel not Telispire's competitor, but PlatinumTel does not allege that Telispire made any false statements either about its own services or about services offered by the EZ Stream and U.S. Mobile Defendants. PlatinumTel alleges only that, as a supplier to those Defendants, Telispire could have stopped those Defendants from making false statements. (Compl. ¶ 62.) As a matter of law, PlatinumTel has no standing to sue Telispire under the Lanham Act. Because standing cannot be cured by amendment, Count I of the Complaint should be dismissed with prejudice.

### B.  PlatinumTel Fails to Allege Any False Statements Attributable to Telispire.

The Lanham Act applies only where a defendant has made a false statement. "In order to establish a claim of false or deceptive advertising under § 43(a) of the Lanham Act, a plaintiff must show that the defendant made a material false statement of fact in a commercial advertisement and that the false statement deceived or had the tendency to deceive a substantial segment of its audience." *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 907 (7th Cir. 2007); *see also Cardionet, Inc.*, No. 07 C 6625, 2008 U.S. Dist. LEXIS 15941, *8 (N.D. Ill.

February 27, 2008) (dismissing counterclaim for failure to specify the who, what, when, why and how of fraud.)  Count I should be dismissed because PlatinumTel does not allege that Telispire made a false statement in any commercial advertising.

PlatinumTel premises all of its claims upon very general allegations, all based only upon information and belief, that the EZ Stream and U.S. Mobile Defendants use advertising in "point of purchase posters and literature, flyers, website advertisements, packaging and voice prompts," which "falsely communicate[] to consumers that they will receive certain numbers of minutes for a certain cost," and that "the minutes actually delivered to consumers . . . are significantly less than those marketed in [EZ Stream and U.S. Mobile's] advertising."  (Comp. ¶¶ 44-63.)  PlatinumTel does not identify any specific statement in any specific advertisement by those Defendants which it claims is false.  More significant to this motion, PlatinumTel does not allege that Telispire made a single false statement in any advertisement.

Unable to allege that Telispire made any false statement, PlatinumTel appears to claim that Telispire aided and abetted the making of false statements by the EZ Stream and U.S. Mobile Defendants.  (Comp. ¶ 66.)  PlatinumTel does not meet the requirements to plead that Telispire aided and abetted any purported false advertisement.  The sole allegation levied against Telispire is that it "refused to take any action to stop [the other Defendants' conduct] and, rather, continues to aid and abet the Defendants' fraudulent scheme."  (Comp. ¶ 66.)  To establish a civil claim for aiding and abetting liability, a plaintiff must allege far more than simply that one defendant failed to stop another's conduct.  *See EEOC v. Illinois*, 69 F.3d 167, 170 (7th Cir. 1995.)  As the Seventh Circuit has written, "[a]ssisting, and failing to prevent, are not the same thing. Civil liability for aiding and abetting is understood to require 'substantial and knowing

assistance' to the primary violator." *Id.* Nowhere in the Complaint is there even a suggestion that Telispire did anything substantially to assist in the commission of any fraudulent conduct.

Consistent with the authorities cited above, other courts have refused to extend Lanham Act liability for another's misrepresentation -- even if, as here, the defendants have a business relationship. For example, in *Allen Organ Co. v. Galanti Organ Builders, Inc.*, 798 F. Supp. 1162, 1170-71 (D. Pa. 1992), the court held that allegations that a supplier failed to prevent its retailer from making false statements in advertising were insufficient to establish the "substantial assistance" required to support a Lanham Act violation. The plaintiff in *Allen Organ* sought to attribute false statements made by a competing retailer to the manufacturer who supplied that retailer. *Id* at 1173. The crux of *Allen Organ's* argument was that the defendant manufacturer should be liable because it failed to stop its own retailer from making the alleged false statements. *Id.* The court expressly rejected that argument, holding that the manufacturer would not be liable under the Lanham Act absent evidence that the manufacturer substantially assisted in the alleged false advertising. *Id.* at 1171.

Any claim under the false advertising prong of the Lanham Act requires a false statement. Because PlatinumTel fails to identify a false statement made by Telispire, Count I of the Complaint fails. Moreover, to the extent PlatinumTel attempts to argue that Telispire should be liable for aiding and abetting a violation of the Lanham Act, PlatinumTel fails to plead that Telispire substantially assisted in the alleged advertising. Thus, PlatinumTel does not meet the basic elements for pleading a claim for false advertising under the Lanham Act. Accordingly, Count I of the complaint should be dismissed.

      **C.**      **The Court Should Decline to Exercise Pendant Jurisdiction Over PlatinumTel's State Law Claims.**

Because PlatinumTel's lone federal claim against Telispire should be dismissed, the Court should decline to assert jurisdiction over the state law claims asserted against Telispire. "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Co, Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994) (Courts exercise supplemental jurisdiction over a remaining state-law claim only in "unusual cases"); *see also Patel v. Heidelberger,* 6 Fed. Appx. 436, 438 (7th Cir. 2001) ("When a plaintiff's federal law claims fail, courts routinely decline to exercise supplemental jurisdiction over remaining state law claims."); *Int'l Coll. of Surgeons v. City of Chicago,* 153 F.3d 356, 366 (7th Cir. 1998), *citing Van Harken v. City of Chicago,* 103 F.3d 1346, 1354 (7th Cir. 1997); 28 U.S.C. § 1367(c)(3) (Court may decline to exercise pendant jurisdiction after it "dismissed all claims over which it ha[d] jurisdiction.")  Accordingly, the Complaint should be dismissed in its entirety.

**II.**    **PLATINUMTEL FAILS TO STATE A CLAIM UNDER THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACTS.**

PlatinumTel mirrors its Lanham Act claim in Counts II and III of the Complaint, alleging that Teslispire also violated the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Uniform Deceptive Trade Practices Act.  If this Court decides to exercise pendant jurisdiction over Counts II and III, they should nonetheless be dismissed because they fail to state a claim.

It is well established that "[t]he same analysis employed in determining whether a claim for false or deceptive advertising exists under the Lanham Act is employed for Illinois false advertising claims." *Midwest Canvas Corp. v. Commonwealth Canvas Inc.*, No. 07 C 0085, 2008

U.S. Dist. LEXIS 3576 at * 14 (N.D. Ill. January 16, 2008); *see also Spex, Inc., v. Joy of Spex*, 847 F. Supp. 567, 579 (N.D. Ill. 1994) ("Claims for unfair competition and deceptive business practices brought under Illinois statutes are to be resolved according to the principles set forth under the Lanham Act."); *Muzikowski v. Paramount Pictures Corp.*, No. 01 C 6721, 2003 U.S. Dist. LEXIS 21766, at * 16-17 (N.D. Ill. December 2, 2003) ("As Paramount notes, for claims of deceptive trade practices such as these, the legal inquiry is the same under the Lanham Act as it is under the two state statutes"), *aff'd,* 477 F.3d 899 (7th Cir. 2007.) Thus, if a plaintiff fails to state a claim for false advertising under the Lanham Act, the same allegations cannot support a claim under either Illinois statute. *Gimix, Inc. v. JS & A Group, Inc.*, 699 F.2d 901, 908 (7th Cir. 1983) (dismissing claims for infringement, dilution, unfair competition, deceptive practices, injury to business reputation and unjust enrichment because claims under Lanham Act failed.)

"The elements of a claim under the Illinois Consumer Fraud Act are the same as those under the Lanham Act with the added element that the tortfeasor intend that consumers rely on the deception." *Alexander Binzel Corp. v. Nu-Tecsys Corp.*, No. 91 C 2092, 2000 U.S. Dist. LEXIS 5238, at *24 (N.D. Ill. March 23, 2000.) As discussed above, PlatinumTel fails to state a claim against Telispire under the Lanham Act because Telisipre does not allege that Telispire made or substantially assisted in making any false statement in advertising. The same result is obtained under the Illinois statutes. *See Rosenthal Collins Group, LLC v. Trading Tech. Int'l*, No. 05 C 4088, 2005 U.S. Dist. LEXIS 37504, at *37-38 (N.D. Ill. December 26, 2005) (Failure to establish false statement under Lanham Act dooms Illinois statutory ICFA and IUDTPA claims.) Because PlatinumTel fails to allege an actionable false statement under the Lanham Act, Counts I, II and III against Telispire should be dismissed.

### III. PLATINUMTEL FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY AGAINST TELISPIRE.

In a last ditch attempt to bootstrap Telispire into a case in which it does not belong, PlatinumTel claims that Telispire "conspired" with the EZ Stream and U.S. Mobile Defendants and "committed overt acts in furtherance of the conspiracy." (Compl. ¶¶ 86-95.) Counts IV and V should be dismissed because the Complaint fails to allege a conspiracy and fails to state a claim for any underlying tort.

To plead the existence of a conspiracy, PlatinumTel must allege specific facts showing: (1) an agreement by two or more persons acting in concert to commit an unlawful action (or a lawful act by unlawful means) that will result in an injury against another person; and (2) an overt act that results in damages. *Richardson v. City of Indianapolis*, 658 F.2d 494, 500 (7th Cir. 1981), *cert. denied*, 455 U.S. 945 (1982.) While PlatinumTel does allege in conclusory fashion that Telspire "conspired" to engage in fraud on the consumer and "committed overt acts" in furtherance of that conspiracy, it alleges no facts supporting those conclusions. A claim of civil conspiracy to commit fraud must allege "facts such as the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff be alleged in detail." *Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 509 (7th Cir. 2007.) PlatinumTel does not provide any detail regarding either the alleged agreement to commit a fraud or the supposed overt act committed by Telispire. The only factual allegation levied against Telispire is that PlatinumTel contacted Telispire and demanded that Telispire stop doing business with the EZ Stream and U.S. Mobile Defendants, and that Telispire continues to do business with them. (Compl. at 17, ¶ 2.) That lone allegation is insufficient to show either an agreement or an overt act.

In addition to failing to allege a conspiracy, PlatinumTel does not meet the requirements to plead any underlying tort that Telispire supposedly conspired to commit. Counts IV and V allege that Telispire conspired to "engage in the fraud on the consumers." (Compl. ¶¶ 87, 92.) Conspiracy is not a tort in and of itself -- PlatinumTel must allege that Telispire and someone else conspired to commit another tort. *Cumis Ins. Soc'y v. Peters*, 983 F. Supp. 787, 794 (N.D. Ill. 1997) ("To have a cause of action for civil conspiracy, an underlying wrong must exist.") It appears from the allegations of Counts IV and V that PlatinumTel is attempting to claim either: (1) a conspiracy to commit common law fraud; or (2) a conspiracy to violate the Lanham Act or one of the Illinois consumer protection statutes in Counts II and III. (Compl. ¶¶ 87, 92.) Under either of those theories, PlatinumTel's conspiracy claim is untenable.

To the extent PlatinumTel contends that Telispire conspired to commit common law fraud, PlatinumTel lacks standing to assert that claim because the alleged fraud was committed upon third-party consumers, not PlatinumTel itself. Under Illinois law, PlatinumTel only has standing to assert common law fraud based upon statements on which it relied. *See West v. Miller*, No. 05 C 4977, 2006 U.S. Dist. LEXIS 56243 at *11(N.D. Ill. August 11, 2006) ("the reliance and harm contemplated by a fraud action is that of the relying party and not a third-party."); *Hydra-Stop, Inc. v. Severn Trent Envtl. Servs., Inc.*, No. 03 C 4843, 2005 U.S. Dist. LEXIS 17734 at *31 (N.D. Ill. August 19, 2005) (Where a plaintiff could not show that he personally relied on a fraudulent statement, conspiracy to commit common law fraud unavailable.) There is no claim that PlatinumTel relied on any statement and, therefore, common law fraud is unavailable.

To the extent PlatinumTel claims that Telispire conspired to violate the Lanham Act or one of the Illinois statutes, that claim too must fail because PlatinumTel has not met the

requirements to plead a violation of any of those underlying statutes. "[A] conspiracy claim must be dismissed if the underlying [consumer fraud] claim has been dismissed." *United States v. All Meat & Poultry Prods. Stored at Lagrou Cold Storage*, 470 F. Supp. 2d 823, 829 (N.D. Ill. 2007.)

For these reasons, Counts IV and V should be dismissed.[3]

### IV. PLATINUMTEL FAILS TO PLEAD EACH COUNT WITH THE SPECIFICITY REQUIRED UNDER RULE 9(b).

Each Count of the Complaint is premised upon PlatinumTel's general claim that Defendants are engaged in a fraud upon consumers. (*See* Compl. ¶ 18.) Counts I, II, and III are statutory fraud claims, and Counts IV and V allege a conspiracy to commit "fraud on the consumer[]." (Compl. ¶¶ 87, 92.) The Federal Rules provide that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). That rule applies to each of PlatinumTel's claims. *See Cardionet, Inc.*, No.: 07 C 6625, 2008 U.S. Dist. LEXIS 15941 at *5-6 (N.D. Ill. February 27, 2008) (Rule 9 applies to Lanham Act, Illinois Consumer Fraud and Deceptive Business Practices Act, and Illinois Uniform Deceptive Trade Practices Act); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (Rule 9 applies to conspiracy to commit fraud.) Applying Rule 9(b) to PlatinumTel's pleading, the claims against Telispire should be dismissed.

All of PlatinumTel's allegations of fraud against Telispire are conclusory and made solely upon information and belief. (Compl. ¶¶ 64-67.) Fraud allegations based on

---

[3] To the extent that PlatinumTel's civil conspiracy claims can be read to seek to impose aiding and abetting liability against Telispire, Illinois has never recognized a tort for aiding and abetting a fraud. *Renovitch v. Kaufman*, 905 F.2d 1040, 1049 (7th Cir. 1990); *Koutsoubos v. Casanave*, 816 F. Supp. 472 (N.D. Ill. 1993) (dismissing a claim for aiding and abetting fraud because Illinois law has never recognized it as a separate cause of action); *Ontario Ltd. v. Zurich Cap'l Markets, Inc.*, 249 F. Supp. 2d (N.D. Ill. 2003) (A plaintiff cannot bring an aiding and abetting fraud claim under Illinois law; plaintiff must bring a claim for fraud and meet all the elements required to plead fraud.)

"information and belief" are insufficient under Rule 9(b), unless there is a clear statement of the facts upon which that "belief" is based. *See Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683-684 (7th Cir. 1992.) As the Seventh Circuit concluded in *Banker's Trust*, "[t]he allegations of fraud . . . are made in its complaint on 'information and belief,' a clearly improper locution under the current federal rules, which impose (in the amended Rule 11) a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch. Even before Rule 11 was amended to require this, and a fortiori since, it was understood that the duty to plead the circumstances constituting fraud with particularity could not be fulfilled by pleading those circumstances on 'information and belief' unless they were facts inaccessible to the plaintiff, in which event he had to plead the grounds for his suspicions." *Id.* (*internal citations omitted*); *accord Duane v. Altenburg*, 297 F.2d 515, 518 (7th Cir. 1962.) PlatinumTel does not allege the facts upon which its information and belief allegations are based. Nor does PlatinumTel allege that those facts are inaccessible to PlatinumTel, or any "grounds for" its "suspicion." *Id.* Accordingly, PlatinumTel's conclusory civil conspiracy allegations against Telispire fail.

Moreover, PlatinumTel fails to plead any fraudulent statements with the specificity required under Rule 9(b). Rule 9(b) requires PlatinumTel to plead the identity of each person who made the representation about which it complains; the time, place and content of the misrepresentation; the method by which the misrepresentation was communicated; and reliance. *ComInc. v. Harbridge Merchant Svcs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (who, what, when, of fraud); *LM Ins. Corp. v. Source One Group*, 454 F. Supp. 2d 727, 744 (N.D. Ill. 2006) (reliance). PlatinumTel does not allege any specific facts to support its general claim that the EZ Stream and U.S. Mobile Defendants engaged in fraud, let alone that Telispire engaged in fraud. Nowhere in the Complaint does PlatinumTel identify: (1) the person who made the alleged false

representations; (2) the time, place or content of the misrepresentations; or (3) any reliance by anyone on those statements. (*See* Compl. ¶¶ 35, 39, 44, 46, 48, 50, 53, 55.) This half-hearted and conclusory type of pleading is precisely what Rule 9(b) prohibits. All of PlatinumTel's claims against Telispire should be dismissed for failing to comply with Rule 9(b).

## CONCLUSION

For the foregoing reasons, Defendant Telispire respectfully requests that the Court dismiss all claims against Telispire with prejudice and grant any additional relief which the Court deems just and proper.

Dated: March 27, 2008　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By:　s/ Terri L. Mascherin
　　　　　　　　　　　　　　　　　　　　　　One of Telispire's Attorneys

Terri L. Mascherin (6187735)
Daniel C. McMurtrie (6280602)
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: (312) 923-2799

## CERTIFICATE OF SERVICE

      I hereby certify that on March 27, 2008, I served the above and foregoing **Defendant ZefCom, LLC's d/b/a Telispire® ("Telispire's") MOTION TO DISMISS ALL CLAIMS AGAINST TELISPIRE FOR FAILURE TO STATE A CLAIM AND FAILURE TO PLEAD FRAUD WITH SPECIFICITY,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| **John P. Lynch, Jr.**<br>**Brian A. O'Gallagher**<br>**Jessica Lynn Lesniewski**<br>Cremer, Kopon, Shaughnessy & Spina<br>180 North LaSalle Street<br>Suite 3300<br>Chicago, IL 60601<br>(312) 726-3800<br>jlynch@cksslaw.com<br>bogallagher@cksslaw.com<br>jlesniewski@cksslaw.com<br><br>**Attorneys for Plaintiff PlatinumTel** | **John Mraibie**<br>Akram Zanayed & Associates<br>8550 S. Harlem, Ste. G<br>Bridgeview, IL  60455<br>(708) 237-9000<br>johnmazalaw@yahoo.com<br>**Attorney for EZ Stream Defendants**<br><br>*(Mr. Mraibie has not yet appeared in this matter, but was served with a copy of the above pleading via e-mail)* |
| **Ahmad Sulaiman**<br>Sulaiman & Associates<br>11015 South Harlem<br>Worth, IL 60660<br>(312) 656-8889<br>ahmad.sulaiman@sulaimanlaw.com<br><br>**Attorney for Defendant Ramsey Natour Entities** | |

                                                          By:    s/ Daniel C. McMurtrie