IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ZEFCOM, LLC d/b/a TELISPIRE, ) <br> TELISPIRE, INC, et al., ) <br> ) <br> Defendants. ) <br> ) | No. 08 CV 1062 <br><br> Judge JOAN H. LEFKOW |

**DEFENDANT TELISPIRE'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
PLATINUMTEL'S AMENDED COMPLAINT**

On February 21, 2008, Plaintiff PlatinumTel Communications, Inc. ("PlatinumTel") filed a complaint against Defendant ZefCom LLC d/b/a Telispire® ("Telispire") based upon allegations that the Defendants other than Telispire ("EZ Stream and U.S. Mobile Defendants") defrauded customers in advertising their prepaid cellular service products. Telispire moved to dismiss because PlatinumTel did not allege any false statements made by Telispire or any facts supporting its conclusory allegations that Telispire "aided and abetted" the conduct in which PlatinumTel claimed the EZ Stream and U.S. Mobile Defendants engaged. Instead of responding to Telispire's Motion, PlatinumTel moved for leave to amend its complaint.

The Amended Complaint does not cure the legal deficiencies in PlatinumTel's claims against Telispire. The Amended Complaint still fails to allege any false statements made by Telispire (or, indeed, any specific statements by any of the other Defendants). Moreover, rather than add factual allegations that Telispire was involved in the EZ Stream and U.S. Mobile Defendants' alleged conduct, which PlatinumTel could not do, the Amended Complaint simply

adds the conclusory allegation that the other Defendants acted with "Telispire's knowledge and assistance." That conclusory allegation falls far short of stating a claim against Telispire upon which relief may be granted. All of the claims against Telispire should be dismissed with prejudice.

## BACKGROUND

This case is a dispute between PlatinumTel and the EZ Stream and U.S. Mobile Defendants, who compete with PlatinumTel in the retail sale of prepaid cellular telephones in the greater Chicago area. (Amend. Compl. ¶¶ 40, 44.) A prepaid cellular telephone is a phone that is sold along with a prepaid number of minutes of use, so that the customer does not have to enter into a long-term contract for cellular service. (*See id.* ¶ 31.) PlatinumTel describes the EZ Stream and U.S. Mobile Defendants as its "direct competitor[s]." (*Id.* ¶¶ 24-26.) PlatinumTel alleges that the EZ Stream and U.S. Mobile Defendants have defrauded retail customers by using advertising that misrepresents the minutes available under their prepaid wireless programs and by imposing excessive fees in violation of their terms and conditions of service without notice to their customers and with Telispire's "knowledge and assistance." (*Id.* ¶¶ 18, 33-44.)

Telispire does not belong in this case. PlatinumTel does not allege that Telispire made any false statements in advertising its services or otherwise. PlatinumTel alleges that Telispire sells prepaid services to retail customers in the greater Chicago area (*id.* ¶ 28),[1] but all of PlatinumTel's allegations against Telispire relate to Telispire's provision of services through the EZ Stream and U.S. Mobile Defendants, not to retail sales by Telispire. As PlatinumTel alleges, Telispire is a nationwide provider of wireless voice and data services. (*Id.* ¶ 7-8.) Telispire

---

[1] As PlatinumTel knows, that allegation is untrue. By signing the Stipulated Order resolving PlatinumTel's Motion for Preliminary Injunction, PlatinumTel acknowledged that Telispire does not sell retail prepaid services in this market. (Mar. 19, 2008 Stip. Order ¶ 10.)

purchases minutes of use from companies including Sprint PCS and contracts with other companies, including the EZ Stream and U.S. Mobile Defendants, which sell the services to retail customers under their own brands. (*Id.* ¶ 32.) It appears that PlatinumTel sued Telispire in the hope of obtaining an injunction putting its competitors, EZ Stream and U.S. Mobile, out of business by restraining Telispire "from providing any wireless minutes, services or otherwise engaging in business with Defendants U.S. Mobile, Natour and EZ Stream and any of their principals, officers, agents, servants, employees, successors and assigns." (*Id.* at 18-19 ¶ 2.)

PlatinumTel alleges that EZ Stream and U.S. Mobile have advertised prices for prepaid services which "made little or no economic sense." (*Id.* ¶¶ 33-34.) PlatinumTel quotes one statement purportedly made by EZ Stream, but does not identify any advertisement in which that statement appears. (*Id.* ¶ 43.) PlatinumTel does not identify any statement by the U.S. Mobile Defendants that it claims is false. (*Id.* ¶ 40.) PlatinumTel also alleges generally that the EZ Stream and U.S. Mobile Defendants "significantly and routinely misrepresent[] the minutes available under [their] prepaid wireless programs to consumers . . . such that the minutes erode from the program more quickly than represented," with the result that the Defendants do not provide "the minutes promised under [their] various plans." (*Id.* ¶¶ 40, 44.)

PlatinumTel does not allege that Telispire made any false statement or in any way participated in any advertising by the other Defendants that contained a false statement. Instead, PlatinumTel makes the naked allegation that EZ Stream's and U.S. Mobile's activities were with Telispire's "knowledge and assistance." (*Id.* ¶¶ 38, 40, 43, 44.) PlatinumTel also alleges, upon information and belief, that Telispire had knowledge of the conduct of the other defendants and "knowingly benefits financially from the sales of U.S. Mobile and EZ Stream programs and their

false advertising scheme to defraud customers of wireless minutes." (*Id.* ¶¶ 70-71.)[2] PlatinumTel alleges, again on information and belief, that Telispire "continues to support the defendants' fraudulent scheme." (*Id.* ¶ 72.) PlatinumTel alleges on information and belief that because Telispire provides minutes to the EZ Stream and U.S. Mobile Defendants, "it has the ability and obligation to stop fraudulent business practices of U.S. Mobile and EZ Stream but refuses to do so." (*Id.* ¶ 74.) PlatinumTel alleges on information and belief that Telispire has committed overt acts in furtherance of a conspiracy with EZ Stream and U.S. Mobile to defraud consumers, but does not allege what those purported acts were. (*Id.* ¶¶ 72, 93-103.) Finally, PlatinumTel claims that it informed Telispire of its complaints about the EZ Stream and U.S. Mobile Defendants, and that Telispire has refused to take any action against those Defendants and continues to provide service to them. (*Id.* ¶ 47.)

PlatinumTel attempts to bolster the allegations made in its Original Complaint by attaching the affidavits of two of its employees to its Amended Complaint. (Amend. Compl., Exs. 1-2.) The affidavits, like the Complaint itself, do not contain any facts showing any conduct whatsoever by Telispire. For example, the affidavits merely state, "On information and belief, the services EZ and US sell are supported by a company known as Telispire" and assert that Telispire was alerted by PlatinumTel that the EZ Stream and U.S. Mobile Defendants were overstating the minutes used in plans sold to customers. (Ex. 1 ¶¶ 6, 27.)

Based on the sparse and conclusory allegations set forth in the Amended Complaint, PlatinumTel asserts five claims against Telispire: (1) False Advertising under the Lanham Act; (2) Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act; (3)

---

[2] The Amended Complaint does not allege how Telispire purportedly benefits from EZ Stream's and U.S. Mobile's alleged scheme to charge customers excessive minutes.

Violations of the Illinois Uniform Deceptive Trade Practices Act; (4) Civil Conspiracy between Telispire and EZ Stream; and (5) Civil Conspiracy between Telispire and U.S. Mobile.

## ARGUMENT

**I. PLATINUMTEL FAILS TO STATE A CLAIM FOR RELIEF AGAINST TELISPIRE UNDER THE LANHAM ACT.**

Section 1125(a)(1) of the Lanham Act is intended to redress competitive injuries suffered by a plaintiff as a result of false statements made by a competitor. *Jack Russell Terrier Network v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1037-38 (9th Cir. 2005). If the plaintiff fails to allege a false statement by the defendant or a competitive injury, Section 1125(a)(1) does not apply. *See Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221, 223 (3d Cir. 1998) (affirming dismissal of claims because retailer plaintiff not a competitor with supplier of products used by retail competitors); *Cardionet, Inc. v. Lifewatch Corp.*, No. 07 C 6625, 2008 WL 567031, at *3 (N.D. Ill., Feb. 27, 2008) (dismissing claim where false statement not adequately alleged).[3] PlatinumTel fails to plead either a competitive injury or any false statement by Telispire. Accordingly, the Lanham Act claim against Telispire should be dismissed, and the Court should decline to exercise pendant jurisdiction and should dismiss the remaining state law claims against Telispire.

**A. PlatinumTel Lacks Standing to Assert a Lanham Act Claim Against Telispire Because PlatinumTel Alleges No Competitive Injury.**

In order to have standing to bring a false advertising claim under the Act, "the plaintiff must assert a discernible *competitive* injury." *L.S. Heath & Son v. AT&T Info. Sys.*, 9 F.3d 561,

---

[3] To state a false advertising claim under the Lanham Act, a plaintiff must show that the defendant: (1) made a false or misleading statement, (2) that actually deceives or is likely to deceive a substantial segment of the advertisement's audience, (3) on a subject material to the decision to purchase the goods, (4) touting goods entering interstate commerce, (5) and that results in actual or probable injury to the plaintiff. *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999).

575-76 (7th Cir. 1993) (emphasis added). That means that "a plaintiff must show . . . that the injury is 'competitive,' or harmful to the plaintiff's ability to compete *with the defendant*." *Jack Russell*, 407 F.3d at 1037 (emphasis added). Applying that requirement, courts have routinely held that a retailer has no standing under the Lanham Act to sue its competitors' suppliers or wholesalers for false advertising. *See Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 197 (2d Cir. 2001) (affirming dismissal because AT&T not "competitor" of reseller of network services); *Conte*, 165 F.3d at 223 (retailers lacked standing to assert claims against manufacturer of product used by competing retailers).

That limitation on standing was created because Congress sought to redress only competitive harms by enacting the Lanham Act. *Conte*, 165 F.3d at 234. Where a manufacturer or supplier makes false statements in its advertising, even if those statements cause a retailer to lose sales, the statements do not necessarily impact the retailer's ability to compete; nor do they detract from the retailer's reputation or good will. *Id.* The retailer is still free to compete, and could even attempt to sell the same product that his competitor sells. *Id.* at 235. To the extent the manufacturer or supplier has done something improper, there is a readily identifiable group of competitors (other manufacturers and suppliers) that could seek redress under the Lanham Act. Therefore, in *Conte* the court refused to extend standing to a retailer plaintiff suing the company that simply supplied a competing retailer. *Id.* Otherwise, "recognizing the right of every potentially injured party in the distribution chain to bring a private damages action would subject defendant firms to multiple liability" and "every corner grocer in America alleging that his sales of one brand of chocolate bars have fallen could bring a federal action against the manufacturer of another brand for falsely representing the chocolate content of its product." *Id.*

-6-

PlatinumTel's allegations are even more attenuated than those at issue in *Conte* and the other cases cited above.  All of PlatinumTel's allegations against Telispire stem from Telispire's role as the ultimate provider from whom customers of EZ Stream and U.S. Mobile obtain cellular service, not from any retail sales that Telispire purportedly made in competition with PlatinumTel.  Moreover, PlatinumTel does not allege that Telispire made any false statements either about its own services or about services offered by the EZ Stream and U.S. Mobile Defendants.  As a matter of law, PlatinumTel has no "competitive injury" vis-à-vis Telispire, and Count I of the Complaint should be dismissed with prejudice.

**B.     PlatinumTel Fails to Allege Any False Statements Attributable to Telispire.**

The Lanham Act applies only where a defendant has made a false statement.  To state a claim, "a plaintiff must show *that the defendant made* a material false statement of fact in a commercial advertisement and that the false statement deceived or had the tendency to deceive a substantial segment of its audience."  *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 907 (7th Cir. 2007) (emphasis added).  Count I should be dismissed because PlatinumTel does not allege that Telispire made a false statement in any commercial advertising.

PlatinumTel predicates all of its claims upon very general allegations, all based only upon information and belief, that the EZ Stream and U.S. Mobile Defendants use advertising in "point of purchase posters and literature, flyers, website advertisements, packaging and voice prompts," which "falsely communicates to consumers that they will receive certain numbers of minutes for a certain cost," and that "the minutes actually delivered to consumers . . . are significantly less than those marketed in [EZ Stream and U.S. Mobile's] advertising."  (Amend. Compl. ¶¶ 50-69.)  PlatinumTel does not identify any specific statement in any specific advertisement by those Defendants that it claims is false.  More significant to this motion, PlatinumTel does not allege

that Telispire made a single false statement in any advertisement or otherwise played any role in the creation or dissemination of EZ Stream's or U.S. Mobile's advertising.

Unable to allege that Telispire made any false statement, PlatinumTel originally claimed that Telispire "aided and abetted" the making of false statements by the EZ Stream and U.S. Mobile Defendants. (Orig. Compl. ¶ 66.) Telispire moved to dismiss because PlatinumTel did not allege any specific conduct by Telispire that could support a legal conclusion that Telispire "substantially assisted" the other Defendants in their false advertising – the legal standard for establishing aiding and abetting liability. PlatinumTel has since removed the aiding and abetting counts, replacing them with generic allegations that Telispire "continues to support the Defendants' fraudulent scheme and profit from it" and that "Telispire substantially assists U.S. Mobile and EZ Stream in falsely advertising to, and committing fraud upon, consumers." (Amend. Compl. ¶¶ 72-73.) In other words, PlatinumTel dropped the aiding and abetting counts and instead pleads the conclusory elements of aiding and abetting liability. It is well-settled that merely pleading the legal elements of a claim without including any facts supporting those allegations is insufficient to survive a motion to dismiss. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964-64 (2007) ("[A] plaintiff's obligation to provide the grounds of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799 (a court need not accept as true conclusory statements of law or unsupported conclusions of fact).

The facts alleged in the Amended Complaint cannot support a finding that Telispire aided and abetted the other Defendants' conduct. For a third party to "substantially assist" a primary wrongdoer, it must have actively participated in the wrongdoing. *See EEOC v. Illinois*, 69 F.3d 167, 170 (7th Cir. 1995). A party cannot be held liable for aiding and abetting merely for failing

to prevent someone else from engaging in wrongdoing. *Id.* "Assisting, and failing to prevent, are not the same thing." *Id.*

Applying that rule, in *Allen Organ Co. v. Galanti Organ Builders, Inc.*, 798 F. Supp. 1162, 1170-71 (E.D. Pa. 1992), the court held that allegations that a supplier failed to prevent its retailer from making false statements in advertising were insufficient to establish the "substantial assistance" required to support a Lanham Act violation. The plaintiff in *Allen Organ* sought to attribute false statements made by a competing retailer to the manufacturer that supplied that retailer. *Id* at 1173. The crux of *Allen Organ's* argument was that the defendant manufacturer should be liable because it failed to stop its own retailer from making the alleged false statements. *Id.* The court expressly rejected that argument, holding that the manufacturer would not be liable under the Lanham Act absent evidence that the manufacturer provided substantial assistance in promulgating or disseminating the claims or knowingly encouraged the retailer to use the alleged false claims in its advertising. *Id.* at 1171.

PlatinumTel pleads no facts that would support the conclusion or inference that Telispire itself made any false statement or actively induced or assisted the other Defendants' purported false advertising. At best, PlatinumTel alleges that Telispire was on notice of the false statements in EZ Stream's and U.S. Mobile's advertising and failed to prevent future false statements by those Defendants. (Amend. Compl. ¶ 47, Ex. 1, ¶ 27.) Under *EEOC* and *Allen Organ*, those allegations fail as a matter of law.

Any claim under the false advertising prong of the Lanham Act requires a false statement. Because PlatinumTel fails to identify a false statement made by Telispire, or any specific conduct by Telispire to assist EZ Stream and U.S. Mobile in their production and dissemination of false advertising, Count I of the complaint should be dismissed.

### C. The Court Should Decline to Exercise Pendant Jurisdiction Over PlatinumTel's State Law Claims.

Because PlatinumTel's lone federal claim against Telispire should be dismissed, the Court should decline to assert jurisdiction over the state law claims asserted against Telispire. The general rule is that, absent "unusual circumstances," when "all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Co, Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994); *see also Int'l Coll. of Surgeons v. City of Chicago,* 153 F.3d 356, 366 (7th Cir. 1998); 28 U.S.C. § 1367(c)(3). Accordingly, the Complaint should be dismissed in its entirety.

## II. PLATINUMTEL FAILS TO STATE A CLAIM UNDER THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACTS.

PlatinumTel mirrors its Lanham Act claim in Counts II and III of the Complaint, alleging that Telispire also violated the Illinois Consumer Fraud and Deceptive Business Practices Act and Uniform Deceptive Trade Practices Act. Even if this Court decides to exercise pendant jurisdiction over Counts II and III, they should nonetheless be dismissed because they fail to state a claim.

It is well established that "[t]he same analysis employed in determining whether a claim for false or deceptive advertising exists under the Lanham Act is employed for Illinois false advertising claims." *Midwest Canvas Corp. v. Commonwealth Canvas Inc.*, No. 07 C 0085, 2008 WL 162757, at *5 (N.D. Ill. Jan. 16, 2008); *see also Spex, Inc., v. Joy of Spex*, *Inc.*, 847 F. Supp. 567, 579 (N.D. Ill. 1994) ("Claims for unfair competition and deceptive business practices brought under Illinois statutes are to be resolved according to the principles set forth under the Lanham Act."); *Muzikowski v. Paramount Pictures Corp.*, No. 01 C 6721, 2003 WL 22872117, at *5 (N.D. Ill. Dec. 2, 2003). Thus, if a plaintiff fails to state a claim for false advertising under

-10-

the Lanham Act, the same allegations cannot support a claim under either Illinois statute. *Gimix, Inc. v. JS & A Group, Inc.*, 699 F.2d 901, 908 (7th Cir. 1983) (dismissing claims for infringement, dilution, unfair competition, deceptive practices, injury to business reputation and unjust enrichment because claims under Lanham Act failed).

"The elements of a claim under the Illinois Consumer Fraud Act are the same as those under the Lanham Act with the added element that the tortfeasor intend that consumers rely on the deception." *Alexander Binzel Corp. v. Nu-Tecsys Corp.*, No. 91 C 2092, 2000 WL 310304, at *8 (N.D. Ill. Mar. 24, 2000). As discussed above, PlatinumTel fails to state a claim against Telispire under the Lanham Act because Telispire does not allege that Telispire made or substantially assisted in making any false statement in advertising. The same result is obtained under the Illinois statutes. *See Rosenthal Collins Group, LLC v. Trading Tech. Int'l*, No. 05 C 4088, 2005 WL 3557947, at *11 (N.D. Ill. Dec. 26, 2005). Because PlatinumTel fails to allege an actionable false statement under the Lanham Act, Counts I, II and III against Telispire should be dismissed.

### III. PLATINUMTEL FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY AGAINST TELISPIRE.

In a last ditch attempt to bootstrap Telispire into a case in which it does not belong, PlatinumTel claims that Telispire "conspired" with the EZ Stream and U.S. Mobile Defendants and "committed overt acts in furtherance of the conspiracy." (Amend. Compl. ¶¶ 93-103.) Counts IV and V should be dismissed because the Complaint fails to allege a conspiracy and fails to state a claim for any underlying tort.

To plead the existence of a conspiracy, PlatinumTel must allege specific facts showing: (1) an agreement by two or more persons acting in concert to commit an unlawful action (or a lawful act by unlawful means) that will result in an injury against another person; and (2) an

overt act that results in damages. *Richardson v. City of Indianapolis*, 658 F.2d 494, 500 (7th Cir. 1981). A claim of civil conspiracy to commit fraud must allege "facts such as the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff must be alleged in detail." *Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 509 (7th Cir. 2007). While PlatinumTel does allege in conclusory fashion that Telispire "conspired" to engage in fraud on the consumer and "committed overt acts" in furtherance of that conspiracy, it alleges no facts supporting those conclusions. PlatinumTel does not provide any detail regarding either the alleged agreement to commit a fraud or the supposed overt act committed by Telispire. The only factual allegation levied against Telispire is that PlatinumTel contacted Telispire and demanded that Telispire stop doing business with the EZ Stream and U.S. Mobile Defendants, and that Telispire continues to do business with them. (Amend. Compl. ¶ 2.) That lone allegation is insufficient to show either an agreement or an overt act.

In addition to failing to allege a conspiracy, PlatinumTel does not meet the requirements to plead any underlying tort that Telispire supposedly conspired to commit. Counts IV and V allege that Telispire conspired to "engage in the fraud on the consumers." (Amend. Compl. ¶¶ 96, 100.) Conspiracy is not a tort in and of itself – PlatinumTel must allege that Telispire and someone else conspired to commit another tort. *Cumis Ins. Soc'y v. Peters*, 983 F. Supp. 787, 794 (N.D. Ill. 1997). It appears from the allegations of Counts IV and V that PlatinumTel is attempting to claim either: (1) a conspiracy to commit common law fraud; or (2) a conspiracy to violate the Lanham Act or one of the Illinois consumer protection statutes in Counts II and III. (Amend. Compl. ¶¶ 94, 99.) Under either theory, PlatinumTel's conspiracy claim is untenable.

To the extent PlatinumTel contends that Telispire conspired to commit common law fraud, PlatinumTel lacks standing to assert that claim because the alleged fraud was committed upon third-party consumers, not PlatinumTel. Under Illinois law, PlatinumTel only has standing to assert common law fraud based upon statements on which it relied. *See West v. Miller*, No. 05 C 4977, 2006 WL 2349988, at *4 (N.D. Ill. Aug. 11, 2006); *Hydra-Stop, Inc. v. Severn Trent Envtl. Servs., Inc.*, No. 03 C 4843, 2005 WL 2035584, at *8 (N.D. Ill. Aug. 19, 2005). There is no allegation in the Amended Complaint that PlatinumTel relied on any statement. Therefore, common law fraud is unavailable either under a theory that Telispire committed fraud or aided and abetted EZ Stream's and U.S. Mobile's fraud. *See 766347 Ontario Ltd. v. Zurich Cap'l Markets, Inc.*, 249 F. Supp. 2d 974, 993 (N.D. Ill. 2003) (holding that to state claim against defendant for aiding and abetting liability, plaintiff must meet all the elements required to plead fraud).

To the extent PlatinumTel claims that Telispire conspired to violate the Lanham Act or one of the Illinois statutes, that claim too must fail because PlatinumTel has not met the requirements to plead a violation of any of those underlying statutes. "[A] conspiracy claim must be dismissed if the underlying [consumer fraud] claim has been dismissed." *United States v. All Meat & Poultry Prods.*, 470 F. Supp. 2d 823, 829 (N.D. Ill. 2007).

For these reasons, Counts IV and V should be dismissed.

### IV. PLATINUMTEL FAILS TO PLEAD EACH COUNT WITH THE SPECIFICITY REQUIRED UNDER RULE 9(b).

Each Count of the Complaint is premised upon PlatinumTel's general claim that Defendants are engaged in a fraud upon consumers. (Amend. Compl. ¶ 18.) Counts I, II, and III are statutory fraud claims, and Counts IV and V allege a conspiracy to commit "fraud on the consumer[]." (*Id.* ¶¶ 96, 100.) Rule 9(b) provides that "in all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). That rule applies to each of PlatinumTel's claims. *See Cardionet,* 2008 WL 567031, at *2 (Rule 9 applies to Lanham Act, Illinois Consumer Fraud and Deceptive Business Practices Act, and Illinois Uniform Deceptive Trade Practices Act); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (Rule 9(b) applies to conspiracy to commit fraud). The Amended Complaint does not allege any facts supporting the conclusory allegations against Telispire, let alone meet the heightened standard under Rule 9(b).

All of PlatinumTel's allegations of fraud against Telispire are conclusory and made solely upon information and belief. (Amend. Compl. ¶¶ 70-74.) Fraud allegations based on "information and belief" are insufficient under Rule 9(b), unless there is a clear statement of the facts upon which that "belief" is based. *See Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683-684 (7th Cir. 1992). As the Seventh Circuit has stated:

> The allegations of fraud . . . are made in its complaint on 'information and belief,' a clearly improper locution under the current federal rules, which impose (in the amended Rule 11) a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch. Even before Rule 11 was amended to require this, and *a fortiori* since, it was understood that the duty to plead the circumstances constituting fraud with particularity could not be fulfilled by pleading those circumstances on 'information and belief' unless they were facts inaccessible to the plaintiff, in which event he had to plead the grounds for his suspicions.

*Id.* (citations omitted). PlatinumTel does not allege the facts upon which its information and belief allegations are based. Nor does PlatinumTel allege that those facts are inaccessible to PlatinumTel, or any "grounds for" its "suspicion." *Id.* Accordingly, PlatinumTel's conclusory allegations against Telispire fail.

Moreover, PlatinumTel fails to plead any fraudulent statements with the specificity required under Rule 9(b). Rule 9(b) requires PlatinumTel to plead the identity of each person who made the representation about which it complains; the time, place and content of the

misrepresentation; the method by which the misrepresentation was communicated; and reliance. *ComInc. v. Harbridge Merchant Svcs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994); *LM Ins. Corp. v. Source One Group*, 454 F. Supp. 2d 727, 744 (N.D. Ill. 2006). PlatinumTel does not allege any specific facts to support its general claim that EZ Stream and U.S. Mobile engaged in fraud, let alone that Telispire engaged in fraud. Nowhere in the Complaint does PlatinumTel identify: (1) the person who made the alleged false representations; (2) the time, place or content of the misrepresentations; or (3) any reliance by anyone on those statements. (Amend. Compl. ¶¶ 40, 44, 50, 52, 54, 56, 59, 61.) This half-hearted and conclusory type of pleading is precisely what Rule 9(b) and Rule 11 prohibit. All of PlatinumTel's claims against Telispire should be dismissed for failing to comply with Rule 9(b).

## CONCLUSION

For the foregoing reasons, Defendant Telispire respectfully requests that the Court dismiss all claims against Telispire with prejudice and grant any additional relief which the Court deems just and proper.

Dated: May 20, 2008　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By:　s/ Terri L. Mascherin
　　　　　　　　　　　　　　　　　　　　　　One of Telispire's Attorneys

Terri L. Mascherin (6187735)
Jeffrey S. Eberhard (6276471)
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: (312) 923-2799

-15-