IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, </br></br>    Plaintiff,</br></br>vs.</br></br>ZEFCOM, LLC d/b/a TELISPIRE, TELISPIRE, INC, et al.,</br></br>    Defendants | )</br>)</br>)</br>)</br>)</br>)  No. 08 CV 1062</br>)</br>)  Judge JOAN H. LEFKOW</br>)</br>)</br>)</br>)</br>)</br>) |

**DEFENDANT EZ STREAM'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

NOW COMES, Defendant EZ Stream, Inc., ("EZ Stream") by and through it attorneys, and moves pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) to dismiss the Amended Complaint filed by Plaintiff PlatinumTel Communications, LLC ("PlatinumTel"). PlatinumTel has filed a five count amended complaint directed at several defendants, however only Counts I through IV are directed at Defendant EZ Stream. Plaintiff bases its claims against EZ Stream on alleged misrepresentations that were made by EZ Stream to consumers in advertising their prepaid phone services. Plaintiff's claims against Defendant EZ Stream are: Count I - False Advertising under the Lanham Act; Count II – Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act; Count III - Violations of the Illinois Uniform Deceptive Trade Practices Act; and Count IV – Civil Conspiracy - Telispire and EZ Stream. However, the allegations of EZ Stream's conduct that are contained in Plaintiff's amended complaint fail to state a claim under

[1]

any of the theories of liability alleged in Plaintiff's amended complaint and should be dismissed with prejudice. Plaintiff in an attempt to rectify the errors in its original complaint has now attached the affidavit of two of its employees. However, Plaintiff is once again unsuccessful at meeting the pleading requirements of Fed. R. Civ. P. 9(b) and any theory of liability under the amended complaint. Plaintiff's amended complaint once again still fails to identify any false advertisements that was made by Defendant EZ Stream.

## ARGUMENT

I.  **PLATINUMTEL FAILS TO STATE A CAUSE OF ACTION AGAINST EZ STREAM UNDER THE LANHAM ACT.**

In order to successfully plead a violation of the Lanham Act, a plaintiff must plead: "(1) the defendant has made false statements of fact as to its own product or services, with such falsity stemming from actual misstatements, partially correct statements, or failures to disclose; (2) those statements actually deceived or have a tendency to deceive a substantial section of their audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the defendant's falsely advertised goods have entered into interstate commerce; and (5) there exists the likelihood of injury, stemming either from a decline in sales or loss in good will."[1] *Keystone Nissan Company v. Rosen Motors, Inc.*, 1993 WL 420882 *1 (N.D. Il Oct. 18, 1993) citing *Grove Fresh Distrib. v. New England Apple Prod.*, 969 F.2d 552,557 (7th Cir. 1992); see also *Wobble Light, Inc., v. McLain/Smigiel Partnership*, 890 F.Supp. 721,725 (N.D. Ill. May 30, 1995) (dismissing Count III of plaintiff's for failure to allege the requisite five elements of a claim under the Lanham Act).

---

[1] For the purposes of this motion the element numbers as identified by *Keystone Nissan Company v. Rosen Motors, Inc.*, will be used when making reference to an element to state a cause of action for a violation of the Lanham Act.

In the matter at hand, PlatinumTel in its amended complaint fails to satisfy the five elements to state a cause of action under the Lanham Act because it fails to specifically identify which allegedly false advertisement was made by EZ Stream and to identify how the alleged false advertisement was placed into interstate commerce. PlatinumTel attempts to satisfy element (1) by asserting that EZ Stream represents in its advertisements that "calls made or received during peak time are billed at one minute connection fee on all Talk More plans." (Amd. Comp. ¶ 43.) Furthermore, PlatinumTel continues in its amended complaint to state that "upon information and belief EZ Stream's advertising falsely communicates to consumers that they will receive certain minutes for a certain cost" and that "upon information and belief, the minutes actually delivered to consumers . . . are significantly less than those marketed." (Amd. Comp. ¶¶52-53.) However, PlatinumTel fails to identify the specific false statement that is contained in any of EZ Stream's advertisements. In its latest attempt to state a cause of action Plaintiff attaches to the amended complaint an affidavit of Omar M. Aqel and an advertisement that was made by Defendant EZ Stream in support of its claim of false advertisement. (See Exhibit A to the affidavit of Omar M. Aqel) However, plaintiff does not identify any false statements that are contained in the advertisement. Failing to specifically identify the false statements contained in EZ Stream's advertisements is a fatal error in PlatinumTel's amended complaint and therefore should be dismissed.

PlatinumTel's amended complaint is also defective in that it also fails to allege what, if any, of Defendant EZ Stream's advertisements were placed into the stream of interstate commerce. In order to properly assert a claim for a violation of the Lanham Act, a plaintiff must not only allege that defendant made a false statement in advertising, it must also allege and subsequently be able to prove that the false advertisement was introduced into interstate commerce. See

*Wobble Light, Inc. v. McLain/Smigiel Partnership*, 890 F.Supp.721 (N.D. IL May 30, 1995).

Wherefore, Plaintiff's Count I should be dismissed with prejudice for failure to allege all the elements necessary to state a violation of the Lanham Act.

As a result of Plaintiff's failure to state a cause of action under the Lanham Act this court should decline to assert pendant jurisdiction over Plaintiff's remaining state claims. "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Co, Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994).

II. **PLATINUMTELL FAILS TO STATE A CAUSE OF ACTION AGAINST EZ STREAM UNDER THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT ("ICFA") & UNDER THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT ("UDTPA").**

Should this court elect to exercise pendant jurisdiction over Plaintiff's remaining state claims, the state claims should also be dismissed since Plaintiff fails to state a cause of action against Defendant. Both Count II and Count III of Plaintiff's amended complaint are based on allegations that Defendant EZ Stream violated the ICFA and UDTPA by engaging in "false and deceptive advertising . . . in connection with their respective prepaid wireless services." (Amd. Comp. ¶81.) Once again, Plaintiff has failed to meet the burden to state a cause of action because: (1) it fails to state a viable cause of action under the Lanham Act against Defendant EZ Stream; and (2) Plaintiff fails to plead with the specificity required under Rule 9(b).

It has been established that "claims for unfair competition and deceptive practices brought under Illinois statues are to be resolved according to the principles set forth under the Lanham Act." *Spex, Inc., v. Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D.Il Feb 17, 1994) citing *Gimix, Inc., v. JS & A Group, Inc.*, 699 F.2d 901, 908 (7th Cir. 1983). As stated above, Plaintiff has failed to allege sufficient facts to establish that Defendant EZ Stream violated the Lanham Act

[4]

and therefore Plaintiff's ICFA and UDTPA allegations as contained in Count II and Count III should also be dismissed with prejudice for failure to state a cause of action.

Plaintiff's allegations that Defendant EZ Stream's advertisements violated ICFA and UDTPA also fail since Plaintiff has failed to meet the burden of Rule 9(b). Federal Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). In the case at hand, all of Plaintiff's claims against Defendant EZ Stream, with the exception of Count IV are based in part on the alleged fraud that was committed in Defendant EZ Stream's advertisements. (Amd. Comp.¶¶43-44, 51-53, 76-77, 81, 88.) However, Count IV of Plaintiff's amended complaint is still subject to the requirements of Fed. R. Civ. P. 9(b) since it sounds in a conspiracy to commit fraud. (Amd. Comp. ¶94, 96.) It has been held that in order to comply with Fed. Rule 9(b) a plaintiff must state, "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Bankers Trust Company v. Old Republic Insurance Company*, 959 F.2d 677,683 (7th Cir. 1992) citing *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990). In this matter, Plaintiff simply makes general sweeping allegations as to the alleged fraud that was committed by Defendant EZ Stream. Plaintiff fails to make any specific allegations as to the how, what, when and where of the misrepresentations that were allegedly contained in Defendant EZ Stream's advertisements. In a failed attempt to correct the errors in its original complaint Plaintiff attaches the affidavits of two of its employees. However, the affidavits of the employees once again fail to identify any false advertisements that were made by Defendant EZ Stream, let alone the requirements of who, what, when and where required by Fed. R. Civ. P. 9(b). Accordingly,

Plaintiff's ICFA and UDTPA claims should also be dismissed with prejudice for failure to state a cause of action and for failing to comply with Fed. R. Civ. P. 9(b).

### III. PLATINUMTELL FAILS TO STATE A CAUSE OF ACTION AGAINST EZ STREAM FOR CIVIL CONSPIRACY.

In order for Plaintiff to state a cause of action for civil conspiracy Plaintiff must allege, " (1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortuous or unlawful act." *American Hardware Manufacturers Association v. Reed Elsevier, Inc.* 2004 WL 3363844 *18 (N.D. Il Dec. 28, 2004) citing *Fritz v. Johnston*, 209 Ill.2d 302, 317, 282 Ill.Dec. 837, 807 N.E.2d 461, 470 (Ill.2004) citing *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 62-63, 206 Ill.Dec. 636, 645 N.E.2d 888, 894 (Ill.1994). Plaintiff alleges in its complaint that Defendants EZ Stream and Telispire were co-conspirators in a plot to commit fraud on the consumers of Defendant EZ Stream. However, Plaintiff's complaint fails once again to state a cause of action for civil conspiracy as it fails to state the alleged fraud that was conducted by either EZ Stream or Telispire. Plaintiff simply asserts that, "Telispire and EZ Stream conspired to engage in the fraud on the consumers as described in this complaint." ( Amd. Comp. ¶96.) If Plaintiff's intention is to rely on the allegations that are contained in Counts I through III, Plaintiff's intentions are misplaced since Counts I through III, as argued above, fail to state a viable cause of action. Furthermore, Plaintiff's allegations as contained in Count IV of the amended complaint, once again fail to meet the standard of pleading required by Fed. R. Civ. P. 9(b). Accordingly, Count IV of Plaintiff's amended complaint should be dismissed with prejudice for a failure to state a cause of action and failing to comply with Rule 9(b).

## CONCLUSION

WHEREFORE, Defendant EZ Stream respectfully requests that this Court dismiss all claims against EZ Stream with prejudice and to grant any additional relief which the court deems just and proper.

Dated: May 20, 2008                                                          Respectfully submitted,


                                                                             By: ___/s/ Hanna Mraibie
                                                                             One of EZ Stream's Attorneys


Akram Zanayed (6192587)
Hanna Mraibie (6275561)
Akram Zanayed &Associates
8550 S. Harlem, Suite G
Bridgeview, Il 60455
Phone 708-237-9000