JPL/BAO/JLL                                                                526-1-8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ZEFCOM, LLC d/b/a TELISPIRE, TELISPIRE, INC., U.S. MOBILE, INC., EZ STREAM, INC., QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION, EZ COM, CHICAGO, INC., d/b/a QUICK COM CHICAGO, and RAMSEY NATOUR, individually and d/b/a U.S. MOBILE, INC., QUICK COMM, INC. a/k/a QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION and/or QUICK COM CHICAGO, <br><br> Defendants. | Court No.: 08 CV 1062 |

## PLATINUMTEL'S RESPONSE TO DEFENDANT, TELISPIRE'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant, ZEFCOM, LLC d/b/a TELIPSIRE (hereinafter "Telispire") has moved, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), to dismiss the Amended Complaint filed by PLATINUMTEL COMMUNICATIONS LLC, (hereinafter "PlatinumTel"). In its five-count Amended Complaint, PlatinumTel alleges that Telispire had knowledge of, and assisted in, false advertisement schemes carried out by all named defendants against consumers in the prepaid cellular telephone marketplace. For the reasons set forth below, Telispire's Motion to Dismiss must be denied.

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Associates, Inc., v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989) citing *Caterpillar Inc., G.A. v. Caterpillar Inc.*, 815 F.Supp.1158, 1168 (C.D. Ill. 1992). "In ruling on a motion to dismiss, the court must construe the allegations in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true." *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Krzalic v. Republic Title Company*, 2002 WL 1008465 at *1 (N.D. Ill. 2002). A complaint is not required to contain a detailed outline of the basis for claims, it must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *The Training Institute, Inc., v. City of Chicago*, 937 F.Supp. 743, 747 (N.D. Ill. 1996).

## INTRODUCTION

PlatinumTel has filed a five-count Amended Complaint against Telispire and others, alleging that Telispire had knowledge of, and assisted in carrying out, false advertising schemes employed by all named defendants. The fraudulent schemes deprive consumers in the prepaid wireless marketplace of services and data described in various forms of advertising, including, point of sale representations, literature, posters and packaging.

PlatinumTel is a retail seller of prepaid wireless data and services in the greater Chicago area. Telispire also sells prepaid wireless data and services in the greater Chicago area, thereby competing with PlatinumTel in this industry. (*See Amended Complaint ¶¶ 23 and 28*). Telispire sells prepaid wireless data and services to the other named defendants, who also compete with PlatinumTel in the same prepaid wireless market. (*Id.*) Notably, U.S. Mobile, Inc.'s website states, "PCS Network provided by Telispire." (Id. at ¶41).

With Telispire's knowledge and substantial assistance, U.S. Mobile, Inc. and EZ Stream, Inc. use false advertising to significantly and routinely misrepresent the minutes available under their prepaid wireless programs sold to consumers including: imposing more than a one minute, per day connection fee in violation of their terms and conditions, contrary to their representations and without notice to their customers; arbitrarily adding time to calls, without notice to their customers, such that the minutes erode from the programs more quickly than represented; and not providing the minutes promised under their various plans. *(Id. at ¶¶ 40 and 44).* In short, the defendants steal prepaid minutes from their customers through the network provided by Telispire. This fraud generates a significant profit for U.S. Mobile, Inc., EZ Stream, Inc., and Telispire. (*Id.*)

While Telispire has attempted to disavow any role in the fraudulent activity being employed, Telispire not only has knowledge of the activity, but assists in the perpetration of it. Telispire provides the technological platform for U.S. Mobile, Inc. and EZ Stream, Inc. to set prepaid rates, coordinate billing, prepare Call Detail Reports ("CDRs") and add or deduct minutes from customers' accounts. (*Id.* at ¶29*).* The details of a CDR include the date, time and length of a telephone call along with the phone number called. (*Id.* at

¶31). Telispire has knowledge of the information contained in the CDR's of EZ Stream Inc., and U.S. Mobile, Inc., customers, and is aware of the number of prepaid wireless minutes U.S. Mobile, Inc. and EZ Stream, Inc. sold to consumers under false pretenses and knowledge of the prepaid wireless minutes wrongfully deducted from consumer accounts. (*Id.* at ¶37). Telispire enables and assists in the fraudulent activity. (*Id.* at 23). Then, Telispire profits from it.

PlatinumTel has provided, by way of Affidavits (*See Exhibits A and B of Amended Complaint*), evidence of the defendants' false advertisements. In late 2007, PlatinumTel representatives visited EZ Stream, Inc., and U.S. Mobile, Inc., locations and purchased prepaid wireless phones and services. (*Id.*). False statements in point of sale advertising were made by both EZ Stream, Inc., and U.S. Mobile, Inc., to the PlatinumTel representatives/consumers. (*Id.*) The false statements made to the PlatinumTel representatives included false representations about the number of minutes the PlatinumTel representatives would receive after purchase. (*Id.*) PlatinumTel has provided, by way of Omar Aqel's affidavit (*See Exhibit A of Amended Complaint*), evidence of Telispire's knowledge of the false advertising being carried out. On December 12, 2007, PlatinumTel contacted Telispire, stating that the defendants were engaging in fraud and providing documentation evidencing the fraud. Telispire refused to take action to stop this conduct, even though it was done on the network it provided. (*See ¶27 of Exhibit A of Amended Complaint*).

Given the clear allegations of Telispire's knowledge of the false advertising schemes, its acts in conjunction with the other defendants to carry the schemes out, its technological support allowing these schemes, and its profiteering from them,

PlatinumTel has more than satisfied the requirements necessary to maintain the following claims: (1) false advertising under §1125(a) the Lanham Act; (2) violation of the Illinois Consumer Fraud Act; (3) violation of the Illinois Uniform Deceptive Trade Practices Act; (4) civil conspiracy between Telispire and U.S. Mobile, Inc.; and (5) civil conspiracy between Telispire and E.Z. Stream, Inc.

## ARGUMENT

### I. PLATINUMTEL HAS PROPERLY STATED A CLAIM FOR RELIEF AGAINST TELISPIRE UNDER THE LANHAM ACT.

The focus of Section 1125(a)(1) of the Lanham Act is to redress commercial interests that have been harmed as the result of unfair competitive practices. *Logan Graphics Products, Inc., v. Textus USA, Inc.*, 2002 WL 31507174 *2 (N.D. Ill. 2002). To prevail on a claim for false advertising under the Lanham Act, a plaintiff must establish the following elements: (1) in its advertisements, defendant made a false statement about its own product; (2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; (3) such deception is material, in that it will likely influence the purchasing decision; (4) defendant caused its falsely advertised goods to enter interstate commerce; and (5) plaintiff has been or is likely to be injured as a result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the good will which its products enjoy with the buying public. *Hot Wax, Inc., v. Turtle Wax*, 191 F.3d 813, 819 (7th Cir. 1999). To establish joint liability for false advertising under the Lanham Act, a plaintiff must demonstrate that a defendant knew of the deceptive activity at issue or provided substantial assistance in disseminating the advertising involved. *See Century 21 Real Estate v. Re/Max South County*, 882 F.Supp. 915, 925 (C.D. Cal. 1994).

PlatinumTel has sufficiently alleged that Telispire is a competitor in the same line of business in the same marketplace and that Telsipire has knowledge of the false advertising schemes being carried out by defendants. (*See Amended Complaint ¶¶28, 40, 43-44*). Telispire has admitted that it provides the other named defendants with the prepaid wireless services sold to consumers. (*See Telispire Motion to Dismiss ¶3, p.1*) PlatinumTel alleges that Telispire provides these services with full knowledge of the false advertising being carried out and, therefore, Telispire actively assists in the wrongful activities. (*Id.* at ¶29). Platinum also alleges that Telispire provides the other named defendants with the platform that enables the fraud, including providing the other named defendants with the technological ability to manage and maintain customer accounts. (*Id.*) These allegations are supported by the fact that defendant, U.S. Mobile, Inc.'s website states, "PCS Network provided by Telispire." (*Id.*) The Lanham Act claim against Telispire must not be dismissed, and this Court should exercise pendant jurisdiction over the state law claims against Telispire.

### A. PlatinumTel Has Standing To Assert A Lanham Act Claim Against Telispire Because PlatinumTel Alleges A Competitive Injury.

A plaintiff must assert a discernible competitive injury in order to have standing to bring a false advertising claim under the Lanham Act. *Morton Grove Pharmaceuticals, Inc., v. The National Pediculosis Association*, 494 F.Supp2d 934, 938 (N.D. Ill. 2007). A competitive injury may be found where a party has a reasonable interest to be protected against conduct that violates the Act. *Id.* citing *Johnny Blastoff, Inc., v. Los Angeles Rams Football Co.*, 188 F.3d 427, 428 (7th cir. 1999). Competitive injuries are generally found where there is a loss of goodwill, harm to reputation or loss of sales. *Id.* citing *Hot wax, Inc., v. Turtle wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999).

6

Telispire and PlatinumTel are business competitors who compete for the same prepaid wireless consumers in the same prepaid wireless marketplace. (*See Amended Complaint ¶29*). Telispire admits that it provides the other named defendants with prepaid wireless services to be sold to consumers in competition with the plaintiff. (*See Telispire Motion to Dismiss ¶3, p.1*). In alleging more than a sufficient competitive injury, PlatinumTel's Amended Complaint states that, after years of investment and building a reputation of providing high quality pre-paid wireless services, PlatinumTel became a leading prepaid wireless provider. However, since the entry of the defendants into the prepaid wireless market in the Chicago region and their employment of fraudulent advertising, with Telispire's knowledge and assistance, PlatinumTel's revenue and profitability have declined considerably. (*Id.* at ¶45). Moreover, because PlatinumTel cannot compete with defendants' fraudulent and deceptive marketing efforts, it has been forced to terminate the employment of nearly half of its employees over the last 24 months. (*Id.* at ¶46).

Telispire contends that PlatinumTel is not its competitor and bases this contention on the assertion that Telispire is the "ultimate provider" of cellular services, not a provider in the retail sales realm like PlatinumTel. (*See Telispire's Motion to Dismiss p.7, ¶1*). Telsipire cites to *Conte Bros. Automotive, Inc., v. Quaker State-Slick 50, Inc.,* 165 F.3d 221, in support of its misguided argument that an "ultimate provider" cannot be a competitor with a retailer.

In *Conte*, the Third Circuit Court of Appeals found that a *putative* nationwide class of engine additive retailers could not maintain a Lanham Act claim against various manufacturers, as the retailers did not have standing as competitors and had not suffered

7

any discernible injuries. *Id.* at 235. The *Conte* Court's holding describes many reasons for its finding that standing did not exist, including the retailers' failure to allege indirect or direct competitive harm or harm to goodwill. *Id.* at 234. The Court also discussed the remoteness of the *putative* plaintiffs' injuries. *Id.* Lastly the Court discussed the general, potential harm in allowing a "chain of distribution" type action where retailers could bring a Lanham action against manufacturers when there had been no impact on the ability to compete or loss of goodwill. *Id.*

Even if the overall facts in *Conte* were remotely similar to the facts in the case at hand, which they are not, the instant case does not involve a retailer and a manufacturer. This case involves numerous companies that are all sellers of prepaid wireless data and services to the same consumers in the same marketplace. Telispire is not a manufacturer of any product, nor is PlatinumTel a remote, putative class-action plaintiff, as the plaintiffs in *Conte*. The parties in this case are similar to the parties in *U.S. West, Inc., v. Business Discount Plan, Inc.*, 196 F.R.D. 576, a case in which a reseller of long distance telephone service was found to be a "competitor" with the telephone company/original supplier of the long distance service. *Id.* at 590-591. In *U.S. West*, the Court found that both the reseller and the original supplier of the long distance service were competing to sell long distance services in the same states and accordingly were competitors under the Lanham Act. *Id.*

While PlatinumTel has plead injuries resulting from its competition with Telispire in the prepaid wireless business in the Chicago area, multiple Northern District of Illinois cases establish a party's standing to maintain a false advertising claim under the Lanham Act even where they do not compete in the same line of business. *See Morton Grove*

8

*Pharmaceuticals, Inc., v. The National Pediculosis Association,* 494 F.Supp2d 934 (N.D. Ill. 2007) (holding that a pharmaceutical company was a "competitor" of a non-profit agency and a group of physicians; See *Euclid Insurance Agencies, Inc., v. Scottsdale Insurance Company,* 1998 WL 60775 (N.D. Ill. 1998)(holding that association of physicians had standing as "competitors" to bring false advertising claim against insurance agency). Two companies like Telispire and PlatinumTel that sell prepaid wireless data and services in the same market are competitors under the Act. PlatinumTel has properly asserted a "competive injury" and has standing under the Lanham Act.

### B. PlatinumTel Properly Alleges Telispire Has Knowledge Of, And Assists In, The False Advertising Schemes Employed By Defendants.

To prevail on a claim for false advertising under the Lanham Act, a plaintiff must establish the following elements: "(1) in its advertisements, defendant made a false statement about its own product; (2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; (3) such deception is material, in that it will likely influence the purchasing decision; (4) defendant caused its falsely advertised goods to enter interstate commerce; and (5) plaintiff has been or is likely to be injured as a result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the good will which its products enjoy with the buying public." *Hot Wax, Inc., v. Turtle Wax,* 191 F.3d 813, 819 (7th Cir. 1999).

In satisfaction of the first element, PlatinumTel alleges that, with Telispire's knowledge and assistance, U.S. Mobile, Inc. and EZ Stream, Inc. made false statements through various forms of advertisements, including time of sale misrepresentations, regarding the amount of minutes consumers receive under prepaid wireless plans. *(See*

*Amended Complaint ¶¶40, 44).* In the Affidavits accompanying the Amended Complaint, PlatinumTel states the date and time false statements were made, the locations where the false statements were made and the entities that made the false statements. As to the second and third elements, it is clear that statements made in point of sale advertising with regard to the amount of minutes a consumer will receive under a prepaid wireless plan, have the tendency to deceive and affect the decision to purchase. With regard to the fourth element, cellular phone services and equipment are considered instruments of interstate commerce. *U.S. v. Clayton*, 108 F.3d 1114, 1117 (9th Cir. 1997). As to the fifth element, PlatinumTel alleges that, as a result of the defendants' fraudulent activity, PlatinumTel has suffered substantial losses. *(See Amended Complaint ¶¶45-46).*

Under the Lanham Act, a party may be jointly-liable for false statements made by another in advertising where the party has knowledge of the fraud *or* participates in carrying it out. *See Century 21 Real Estate v. Re/Max South County*, 882 F.Supp. 915, 925 (C.D. CA 1994)(emphasis added) citing *Organ Co. v. Galanti Organ Builders, Inc.*, 798 F.Supp. 1162 (holding that for joint liability there must be knowledge of fraudulent conduct or assistance in disseminating false materials). Here we have both. Telispire knows of the false advertising schemes and provides substantial assistance in carrying them out.

Telispire has admitted that it provides the other named defendants with the prepaid wireless service sold to consumers. *(See Telispire Motion to Dismiss ¶3, p.1).* Telispire provides those services with full knowledge of the false advertisements being offered by the other named defendants. *(See ¶37 Amended Complaint).* Telispire gains its knowledge through, among other sources, billing and reconciliation documents

pertaining to U.S. Mobile, Inc. and EZ Stream, Inc. that Telispire receives from Sprint PCS and U.S. Mobile, Inc. and EZ Stream, Inc. (*Id.*). PlatinumTel has also alleged that, on information and belief, Telispire provides the technological platform that allows the fraud to be carried out, in that it provides U.S. Mobile, Inc. and EZ Stream, Inc. with the ability to manage and maintain customer accounts. (*See ¶29 Amended Complaint*). PlatinumTel's belief is supported by the fact that defendant, U.S. Mobile, Inc.'s website states, "PCS Network provided by Telispire." (*Id.* at ¶41). Telispire is clearly part of this operation.

Additionally, PlatinumTel has provided the Affidavit of Omar Aqel, stating that, in 2007, Telispire was told of the false advertising and given documents evidencing the same. (*See ¶27 of Exhibit A of Amended Complaint*). PlatinumTel's factual allegations of Telispire's knowledge and assistance in the false advertising schemes being employed, are more than adequate to assert a claim for false advertising against Telispire under the Lanham Act. PlatinumTel's Lanham Act claim must not be dismissed.

## II. PLATINUMTEL HAS STATED A CLAIM UNDER THE ILLINOIS CONSUMER FRAUD ACT AND THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT.

The legal inquiry under the Lanham act is the same as that under the Illinois Consumer Fraud Act and Illinois Deceptive Trade Practices Act. *MJ Partners Restaurant Limited, v. Zadikoff*, 10 F.Supp.2d 922, 929 (N.D. Ill. 1998). Accordingly, as demonstrated above, PlatinumTel has properly plead claims under both Illinois' statutes and those claims must not be dismissed.

### III. PLATINUMTEL HAS STATED A CLAIM FOR CIVIL CONSPIRACY AGAINST TELISPIRE.

To succeed on a claim for civil conspiracy, a plaintiff must *eventually establish* the existence of an agreement between two or more persons and a tortious act committed in furtherance of that agreement. *McClure v. Owens Corning Fiberglas Corporation*, 188 Ill.2d 102, 133, 720 N.E.2d 242 (Ill. 1999)(emphasis added). A civil conspiracy can be proven with only circumstantial evidence. *Id.*

Telispire acts with U.S. Mobile, Inc. and EZ Stream, Inc. to perpetrate fraud upon consumers in violation of the Lanham Act, Illinois Consumer Fraud Act and Illinois Deceptive Trade Practices Act. Telispire is aware of the false prepaid wireless advertising and programs being offered by defendants U.S. Mobile, Inc., and EZ Stream, Inc., through sources that include, billing and reconciliation documents pertaining to U.S. Mobile, Inc. and EZ Stream, Inc. that Telispire receives from Sprint PCS, U.S. Mobile, Inc., and EZ Stream, Inc. Telispire provides the prepaid wireless data and services sold by the other named defendants to consumers, and the entire technological platform that allows defendants to carry out the fraud. Moreover, Telispire was confronted directly regarding the false advertising schemes and to PlatinumTel's knowledge, Telsipire has refused to take action to stop the fraud. Through the Affidavits accompanying its Amended Complaint, PlatinumTel provides specific dates, times and locations that defendants, U.S. Mobile, Inc., and EZ Stream, Inc., committed tortious acts of fraud. (*See Exhibit A of Amended Complaint*). Telispire enables and works with U.S. Mobile, Inc. and EZ Stream, Inc. to carry out this fraud by Telispires's overt acts of providing prepaid wireless data and services to these defendants with the intention of assisting in their wrongful activities.

The allegations that PlatinumTel has set forward regarding Telispire's knowledge of, and participation in, the false advertising schemes, are more than sufficient to demonstrate an agreement between Telispire and U.S. Mobile, Inc., as well as an agreement between Telispire and EZ Stream, Inc, to act together in violating the Illinois' statutes and the Lanham Act, thus committing fraud upon consumers. PlatinumTel's claims for civil conspiracy must not be dismissed.

## IV. PLATINUMTEL HAS PLEAD ALL COUNTS IN ACCORDANCE WITH THE REQUIREMENTS OF FEDERAL RULE 9(b).

Where a plaintiff, like PlatinumTel, is alleging fraudulent misconduct under the Lanham Act that occurs over a period of time, the pleading requirements under Rule 9(b) are less stringent than in a case where a specific act of fraud is thought to have occurred. *Merix Pharmaceutical Corporation v. GlaxoSmithKline Consumer Healthcare*, 2006 WL1843370 *2 (N.D. Ill. 2006). Where fraud occurs over time, "the plaintiff does not have to allege evidentiary details, rather, it is only required to set forth the basic outline of the scheme, who made what representations and the general time and place of such misrepresentations." *Id.* The requirement that "identity" be plead is met when a plaintiff pleads only the general entity making the statement. *Id.* The "place" requirement is satisfied by a general allegation setting forth that a statement was made in a particular state or region. *Id.* The "content" requirement only mandates that the plaintiff mention the type and nature of the misleading statements, and the "method" requirement is met by pleading the type of advertising in which the statements appeared. *Id.*

As discussed in Section I-B above, PlatinumTel has provided detailed Affidavits giving the specifics of false statements made in point of sale advertising by defendants, U.S. Mobile, Inc., and EZ Stream, Inc. PlatinumTel has satisfied the requirements of

Rule 9(b) in alleging that Telispire had knowledge of, and assisted in, false advertising; that the false advertising occurred over the period of time from 2006 until the present; that the advertising occurred in the Chicago area and over the internet; that the content of the advertising consisted of misrepresentations of the amount of prepaid wireless minutes consumers receive and that the advertising took the form of point of sale representations, literature, posters and website materials. (*See Amended Complaint*).

While Telipsire attempts to minimize the factual allegations asserted against it by PlatinumTel, Telispire has admitted that it provides the other named defendants with the prepaid wireless services sold to consumers. By way of its own receipt and understanding of billing and reconciliation documents, PlatinumTel asserts on belief, that through billing and reconciliation documents received by Telispire from Sprint PCS, U.S. Mobile, Inc., and EZ Stream, Inc., Telispire has knowledge of the specific details of customer accounts, including details about wrongfully deducted prepaid wireless minutes. Moreover, the fact that defendant, U.S. Mobile, Inc.'s website states, "PCS Network provided by Telispire", supports PlatinumTel's allegation that Telispire provides a platform that allows the other named defendants to carry out the fraud.

Telispire cites to *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677 (7th Cir. 1992), and argues that PlatinumTel has not satisfied Rule 9(b), in that PlatinumTel has not supported its "information and belief" allegations with the underlying facts for its "beliefs" nor has it stated that the underlying facts supporting its beliefs are inaccessible. (*See Telispire's Motion To Dismiss p.14*). By way of PlatinumTel's allegation that it is without knowledge of the details and complexity of Telispire's relationship with the other named defendants, PlatinumTel has alleged that underlying facts are inaccessible.

Moreover, PlatinumTel has alleged sufficient facts despite its inability to gain more details at this time. PlatinumTel has based its more than sufficient allegations on the information learned as a competitor of Telispire and the investigations detailed in the Affidavits accompanying its pleadings. (*See Amended Complaint ¶¶28-47 and Exhibits A and B*). PlatinumTel has met the requirements of Rule 9(b) and therefore, its claims against Telispire must not be dismissed.

## CONCLUSION

For the aforementioned reasons, Plaintiff, PlatinumTel respectfully requests that this Court deny Defendant, Telispire's Motion to Dismiss in its entirety.

CREMER, KOPON, SHAUGHNESSY & SPINA, LLC.

By:    /s/ John P. Lynch, Jr.
            Attorneys for Plaintiff

John P. Lynch, Jr.
Brian A. O'Gallagher
Jessica L. Lesniewski
CREMER KOPON SHAUGHNESSY & SPINA, LLC
180 North La Salle Street
Suite 3300
Chicago, Illinois 60601
(312) 726-3800 – Telephone
(312) 726-3818 – Facsimile
*194938*

**PROOF OF SERVICE**

    I, the undersigned attorney, certify that I filed this Proof of Service and the documents identified herein through the Court's ECM/CF document filing system, which will cause electronic notification of the filing to be sent to all counsel of record.

/s/ John P. Lynch, Jr.