JPL/BAO/JLL                                                        526-1-8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZEFCOM, LLC d/b/a TELISPIRE, )<br>TELISPIRE, INC., U.S. MOBILE, INC., )<br>EZ STREAM, INC., QUICK COM, INC., )<br>QUICK COM II, INC., QUICK COM )<br>CELLULAR CORPORATION, EZ )<br>COM, CHICAGO, INC., d/b/a QUICK )<br>COM CHICAGO, and RAMSEY )<br>NATOUR, individually and d/b/a U.S. )<br>MOBILE, INC., QUICK COMM, INC. )<br>a/k/a QUICK COM, INC., QUICK COM )<br>II, INC., QUICK COM CELLULAR )<br>CORPORATION and/or QUICK COM )<br>CHICAGO, )<br>)<br>Defendants. ) | Court No.: 08 CV 1062 |

**PLATINUMTEL'S RESPONSE TO DEFENDANT, EZ STREAM'S
MOTION TO DISMISS AMENDED COMPLAINT**

Defendant, EZ STREAM, INC., (hereinafter "EZ Stream") has moved, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), to dismiss the Amended Complaint filed by PLATINUMTEL COMMUNICATIONS LLC, (hereinafter "PlatinumTel"). In its Amended Complaint, PlatinumTel alleges that EZ Stream carried out false advertisement schemes against consumers in the prepaid cellular telephone marketplace. For the reasons set forth below, EZ Stream's Motion to Dismiss must be denied.

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Associates, Inc., v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989) *Caterpillar Inc., G.A. v. Caterpillar Inc.*, 815 F.Supp.1158, 1168 (C.D. Ill. 1992). "In ruling on a motion to dismiss, the court must construe the allegations in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true." *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Krzalic v. Republic Title Company*, 2002 WL 1008465 at *1 (N.D. Ill. 2002). A complaint is not required to contain a detailed outline of basis for claims, it must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *The Training Institute, Inc., v. City of Chicago*, 937 F.Supp. 743, 747 (N.D. Ill. 1996)

## INTRODUCTION

A prepaid cellular telephone is a phone that is sold along with a prepaid number of cellular minutes of use, so that the customer does not have to enter into a long-term service contract for cellular service. Quite simply, this case involves the defendants' scheme to represent to consumers that they will receive a certain number of minutes, e.g. 100, for a certain price, e.g. $10, and then provide substantially less than that amount of minutes without the knowledge of the consumer. The minutes are effectively stolen from the consumer. This scheme is carried out with the assistance and knowledge of Zefcom,

Inc, d/b/a Telispire, Inc., (hereinafter "Telispire"), which purchases the minutes from Sprint PCS, resells them to EZ Stream and U.S. Mobile, Inc., but manages the services on its technological platform and provides the network for their use. PlatinumTel has filed an Amended Complaint alleging in detail that EZ Stream, U.S. Mobile and Telispire carry out false advertising schemes that deprive consumers of prepaid wireless services and data, to their own economic advantage and to the consumers' and the plaintiff's detriment. (*See Amended Complaint* ¶51).

PlatinumTel is a retail seller of prepaid wireless data and services in the greater Chicago area. EZ Stream is also a retail seller of prepaid wireless data and service in the same prepaid wireless market with PlatinumTel. (*See Amended Complaint* ¶28). EZ Stream uses false advertising to significantly and routinely misrepresent the minutes available under their prepaid wireless programs sold to consumers including: imposing more than a one minute, per day connection fee in violation of policies, contrary to their representations and without notice to the customer; arbitrarily adding time to calls, without notice to the customer, such that the minutes erode from the program more quickly than represented; and not providing the minutes promised under their various plans. (*Id.* at ¶44).

Specifically, EZ Stream represents in advertisements that calls made or received during peak time are billed at a one-minute connection fee on all Talk More Plans. However, EZ Stream routinely, arbitrarily, willfully and without notice to its customers imposes on its customers a connection fee of substantially more than one minute, thereby depleting customer accounts at will, and causing customers to receive fewer minutes that what EZ Stream represents in its advertising. (*Id.* at ¶43). This fraud generates a

significant profit for EZ Stream and Telispire, Inc. (*Id.* at ¶¶44 and 71*).* Telispire provides EZ Stream with the prepaid wireless data and services EZ Stream sells to consumers. (*Id.* at 23). Because PlatinumTel cannot compete with defendants' fraudulent and deceptive marketing efforts, and will not engage in similar conduct, PlatinumTel has been forced to terminate the employment of nearly half of its employees over the last 24 months. (*Id.* at ¶46).

Consumers of prepaid wireless data and services should have the ability to access their prepaid wireless account information in Call Detail Reports ("CDR's") made available through the internet by prepaid wireless service providers. (*Id.* at ¶31). A CDR identifies the minutes consumer have remaining in a prepaid wireless account, along with details regarding each call placed. (*Id.*) The details of a CDR include the date, time and length of a telephone call along with the phone number called. (*Id.*) EZ Stream maintains the CDR's for the consumers of its prepaid wireless data and services; therefore, EZ Stream has knowledge of the contents of its consumers' CDR's. In addition to EZ Stream, Telispire has knowledge of the information contained in the CDR's of EZ Stream's customers. (*Id.* at ¶29). Accordingly, Telispire has knowledge of the amount of prepaid wireless minutes EZ Stream sells to consumers under false pretenses and knowledge of the prepaid wireless minutes wrongfully deducted from consumer accounts.

PlatinumTel has provided, by way of Affidavits (*See Exhibits A and B of Amended Complaint*), evidence of the false advertisements employed by the defendants. In late 2007, PlatinumTel representatives visited EZ Stream and defendant, U.S. Mobile, Inc., locations and purchased prepaid wireless phones and services. (*See Exhibits A and B*

*of Amended Complaint*). False statements in advertising were made by both EZ Stream and U.S. Mobile, Inc., to the PlatinumTel representatives/EZ Stream customers. (*Id.*) The false statements made to the PlatinumTel representatives included inaccurate representations about the number of minutes the PlatinumTel representatives would receive and the amount of minutes that would be deducted from the plans. (*Id.*) PlatinumTel contacted defendant, Telispire, stating that the defendants were engaging in fraud and providing documentation evidencing the fraud; but Telispire refused to take action. (*See ¶27 of Exhibit A of Amended Complaint*).

PlatinumTel has alleged sufficiently detailed facts regarding the fraudulent schemes that EZ Stream carries out to deprive its customers of prepaid wireless data and services advertised. PlatinumTel has more than satisfied the requirements necessary to maintain the following claims: (1) false advertising under §1125(a) the Lanham Act; (2) violation of the Illinois Consumer Fraud Act; (3) violation of the Illinois Uniform Deceptive Trade Practices Act; and (4) civil conspiracy between Telispire and EZ Stream.

## ARGUMENT

I.   **PLATINUMTEL HAS PROPERLY STATED A CLAIM FOR RELIEF AGAINST EZ STREAM UNDER THE LANHAM ACT.**

The focus of Section 1125(a)(1) of the Lanham Act is to redress commercial interests that have been harmed as the result of unfair competitive practices. *Logan Graphics Products, Inc., v. Textus USA, Inc.*, 2002 WL 31507174 *2 (N.D. Ill. 2002). To prevail on a claim for false advertising under the Lanham Act, a plaintiff must establish the following elements: (1) in its advertisements, defendant made a false statement about

its own product; (2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; (3) such deception is material, in that it will likely influence the purchasing decision; (4) defendant caused its falsely advertised goods to enter interstate commerce; and (5) plaintiff has been or is likely to be injured as a result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the good will which its products enjoy with the buying public. *Hot Wax, Inc., v. Turtle Wax,* 191 F.3d 813, 819 (7th Cir. 1999).

In satisfaction of the first element, PlatinumTel alleges that, with Telispire's knowledge and assistance, EZ Stream made false statements through various forms of advertisements, including point of purchase misrepresentations regarding the amount of minutes customers receive under prepaid wireless plans. *(See Amended Complaint ¶¶40, 44).* PlatinumTel also alleges that EZ Stream represents in advertisements that calls made or received during peak time are billed at a one-minute connection fee on all Talk More Plans. *(Id. at ¶43).* However, EZ Stream routinely, arbitrarily, willfully and without notice to its customers imposes on its customers a connection fee of substantially more than one minute, thereby depleting customer accounts at will, and causing customers to receive fewer minutes that what EZ Stream represents in its advertising. *(Id. at ¶43).* This fraud generates a significant profit for EZ Stream and Telispire. *(Id. at ¶44 and 71).*

In the Affidavits accompanying its Amended Complaint, PlatinumTel states that, in November of 2007, EZ Stream made false statements to PlatinumTel representatives regarding the number of minutes they would receive under prepaid wireless plans. *(See ¶¶9-19 of Exhibit A of Amended Complaint).* PlatinumTel states the false statements

6

were made at the EZ Stream location located at 2452 S. California Ave., in Chicago. (*Id.* at ¶9). As to the second and third elements, it is clear that statements made in point of sale advertising with regard to the amount of minutes a consumer will receive under a prepaid wireless plan, have the tendency to deceive and affect the decision to purchase.

As to the fourth element, EZ Stream incorrectly argues that, "PlatinumTel's amended complaint is also defective in that it also fails to allege what, if any, of Defendant EZ Stream's advertisements were placed into the stream of interstate commerce". (*See p. 3, ¶2 of EZ Stream Motion to Dismiss*). PlatinumTel need not allege that EZ Stream's *false advertisements* entered interstate commerce, PlatinumTel must allege that the "*falsely advertised goods*" entered interstate commerce. *Wobble Light, Inc., v. McLain/Smigiel Partnership*, 890 F. Supp. 721, 725 (N.D. Ill. 1995); *Hot Wax, Inc., v. Turtle Wax*, 191 F.3d 813, 819 (7th Cir. 1999). PlatinumTel has more than sufficiently alleged that EZ Stream falsely advertises prepaid wireless services to consumers and sells those same consumers prepaid wireless phones. (*See ¶¶28 and 35 of Amended Complaint and accompanying Affidavits*). Cellular phones are considered instruments of interstate commerce. *U.S. v. Clayton*, 108 F.3d 1114, 1117 (9th Cir. 1997). As to the fifth element, PlatinumTel alleges that, as a result of the defendants' fraudulent activity, PlatinumTel has posted seven figure losses in the last two years and been forced to lay off half of its workforce. (*See Amended Complaint ¶¶45-46).*

PlatinumTel's Amended Complaint and accompanying Affidavits provide details sufficient to satisfy the elements required to state a claim for false advertising under the Lanham Act. Accordingly, EZ Stream's Motion to Dismiss PlatinumTel's Lanham Act

claim must be denied and this Court should exercise pendant jurisdiction over PlatinumTel's state law claims.

## II. PLATINUMTEL HAS STATED A CLAIM UNDER THE ILLINOIS CONSUMER FRAUD ACT AND THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT.

The legal inquiry under the Lanham act is the same as that under the Illinois Consumer Fraud Act and Illinois Deceptive Trade Practices Act. *MJ Partners Restaurant Limited, v. Zadikoff*, 10 F.Supp.2d 922, 929 (N.D. Ill. 1998). Accordingly, as demonstrated above, PlatinumTel has properly plead claims under both Illinois' statutes and EZ Stream's Motion to Dismiss as to those claims must be denied.

## III. PLATINUMTEL HAS ADEQUATELY STATED A CLAIM FOR CIVIL CONSPIRACY AGAINST EZ STREAM.

To succeed on a claim for civil conspiracy, a plaintiff must <u>eventually establish</u> the existence of an agreement between two or more persons and a tortious act committed in furtherance of that agreement. *McClure v. Owens Corning Fiberglas Corporation*, 188 Ill.2d 102, 133, 720 N.E.2d 242 (Ill. 1999)(emphasis added). A civil conspiracy can be proven with only circumstantial evidence. *Id.*

EZ Stream acted with Telispire to perpetrate fraud upon consumers in violation of the Lanham Act, Illinois Consumer Fraud Act and Illinois Deceptive Trade Practices Act. Telispire was aware of the false prepaid wireless advertising and programs being offered by EZ Stream through sources that include, billing and reconciliation documents pertaining to EZ Stream that Telispire receives from Sprint PCS and EZ Stream. (*See Amended Complaint ¶37*). Telispire provided EZ Stream with the prepaid wireless data and services sold to consumers, as well the technological platform that allowed the

8

defendants to carry out the fraud alleged. (*Id.* at ¶29). As evidenced by the Affidavit of Omar Aqel, Telispire was confronted directly regarding the false advertising schemes and to PlatinumTel's knowledge, Telispire has refused to take action to stop the fraudulent activity. Through the Affidavits accompanying its Amended Complaint, PlatinumTel provides specific dates, times and locations that defendant, EZ Stream committed overt tortious acts in furtherance of fraud. (*See Exhibits A and B of Amended Complaint*). Telispire enabled and worked with EZ Stream to carry out this fraud by Telispire's overt acts of providing prepaid wireless data and services to EZ Stream with the intention of assisting in the wrongful activities.

The allegations that PlatinumTel has set forward regarding EZ Stream's overt acts of false advertising and Telispire's knowledge of, and participation in, the false advertising, are more than sufficient to demonstrate an agreement between Telispire and EZ Stream to act together in violating the Illinois' statutes and the Lanham Act, thus committing fraud upon consumers. PlatinumTel's claim for civil conspiracy against EZ Stream and Telispire must not be dismissed.

### IV.  PLATINUMTEL HAS PLEAD ALL COUNTS IN ACCORDANCE WITH THE REQUIREMENTS OF FEDERAL RULE 9(b).

Where a plaintiff, like PlatinumTel, is alleging fraudulent misconduct under the Lanham Act that occurs over a period of time, the pleading requirements under Rule 9(b) are less stringent than in a case where a specific act of fraud is thought to have occurred. *Merix Pharmaceutical Corporation v. GlaxoSmithKline Consumer Healthcare*, 2006 WL1843370 *2 (N.D. Ill. 2006). Where fraud occurs over time, "the plaintiff does not have to allege evidentiary details, rather, it is only required to set forth the basic outline

of the scheme, who made what representations and the general time and place of such misrepresentations." *Id.* The requirement that "identity" be plead is met when a plaintiff pleads only the general entity making the statement. *Id.* The "place" requirement is satisfied by a general allegation setting forth that a statement was made in a particular state or region. *Id.* The "content" requirement only mandates that the plaintiff mention the type and nature of the misleading statements, and the "method" requirement is met by pleading the type of advertising in which the statements appeared. *Id.*

As discussed in Section I above, PlatinumTel has more than satisfied the less stringent requirements of Rule 9(b), which are applicable to this case. PlatinumTel has provided detailed Affidavits giving the specifics of false statements made in point of sale advertising by defendant EZ Stream. PlatinumTel states that, in November of 2007, in Chicago, EZ Stream made false statements in point of sale advertisements to PlatinumTel representatives regarding the number of minutes they would receive under prepaid wireless plans they were purchasing. *(See ¶¶9-19 of Exhibit A of Amended Complaint).* PlatinumTel has also alleged, on information and belief, that EZ Stream routinely and significantly misrepresents the number of prepaid wireless minutes consumers will receive through advertising in various other forms including literature, posters and website materials. *(See ¶51 of Amended Complaint).*

EZ Stream cites to *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677 (7th Cir. 1992), and argues that PlatinumTel has not satisfied Rule 9(b), in that PlatinumTel makes "general sweeping allegations" as to the alleged fraud committed. *(See EZ Stream's Motion To Dismiss p.5).* As stated above, the Affidavits attached to PlatinumTel's Amended Complaint more than satisfy the specificity required under Rule

9(b). PlatinumTel has provided the identity, place, content and method pertaining to EZ Stream's false representations in point of sale advertising. Accordingly, EZ Stream's Motion to Dismiss must be denied in its entirety.

## CONCLUSION

For the aforementioned reasons, Plaintiff, PlatinumTel, respectfully requests that this Court deny Defendant, EZ Stream's Motion to Dismiss in its entirety.

CREMER, KOPON, SHAUGHNESSY & SPINA, LLC.

By: /s/ John P. Lynch, Jr.
Attorneys for Plaintiff

John P. Lynch, Jr.
Brian A. O'Gallagher
Jessica L. Lesniewski
CREMER KOPON SHAUGHNESSY & SPINA, LLC
180 North La Salle Street
Suite 3300
Chicago, Illinois 60601
(312) 726-3800 – Telephone
(312) 726-3818 – Facsimile
*194963*

## **PROOF OF SERVICE**

I, the undersigned attorney, certify that I filed this Proof of Service and the documents identified herein through the Court's ECM/CF document filing system, which will cause electronic notification of the filing to be sent to all counsel of record.

/s/ John P. Lynch, Jr.