IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | Case Nos. 08 CV 1062 |
| | ) ) | Judge JOAN H. LEFKOW |
| ZEFCOM, LLC d/b/a TELLISPIRE, TELISPIRE, Inc., et al., | ) ) | |
| Defendants. | ) | |

**DEFENDANTS NATOUR AND U.S. MOBILE'S MEMORANDUM IN SUPPORT OF THEIR AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT JOINING MOTIONS OF DEFENDANTS TELISPIRE, and EZ STREAM**

NOW COMES the Defendants, RAMSEY NATOUR ("Natour"), individually, and d/b/a U.S. Mobile, Quick Com, Quick Com II, Quick Com Cellular Corp., EZ Com, Quick Com Chicago, and US MOBILE ("Mobile"), by and through their attorneys, Thomas F. Courtney & Associates, P.C., and respectfully moves this Court pursuant to Fed R. Civ. P. 12 and 9 to dismiss the First Amended Complaint joining in with motions to dismiss with Defendants Telispire and EZ Stream, stating as follows:

1

## Background

Mobile and Natour, through a corporate entity, provide prepaid cellular phones and minutes in the Chicago land area, and offer minutes through various plans. A customer does not have to enter into a long term contract. Platinumtel alleges that this pair along with other Defendants defrauded customers by false advertising, fraud, misrepresentations, and other improper conduct. Platinumtel argues that due to this fraudulent conduct it cannot compete, and has lost business and had to cut back on staff. Platinumtel is a competitor of the Defendants.

Platinumtel states on "information and belief" that it is aware of Mobile and Natour's commercial advertisements that make "little or no sense" to defraud customers. (para 34) Plaintiff alleges it is without "comprehensive knowledge" as to the complexity and details of the "fraudulent" relationship of the Defendants, and "on information and belief" Mobile and other Defendants refuse to provide customers with pertinent terms and conditions. (para.36-38) Mobile is alleged to significantly and routinely mislead customers, frequently disconnects customers, etc.. (para 39-42) as if there was some master plan. Every paragraph of the complaint directed to Mobile's fraudulent conduct states "upon information and belief." (para 54-58) The same holds true for Natour (para 59-69).

Even in the best light, the allegations in the complaint are totally devoid of any factually specific allegation directed to Mobile, Natour, and other Defendants. Mobile and Natour join in the arguments made against the Complaint by Telispire and EZ Stream, but raise additional arguments in this memorandum

## ARGUMENT

I.      **Failure to Meet Pleading Requirements under Rule 9**

Platinumtel seeks relief under the Latham Act, Fraud, Civil Conspiracy, Deceptive Business Practices, and Illinois Consumer Fraud, in its V Count Complaint. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). Generally, the federal system of notice pleading does not favor dismissal for failure to state a claim. *Gray v. Dane County,* 854 F.2d 179, 182 (7th Cir.1988). However, dismissal is proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to the relief requested. *Illinois Health Care Ass'n v. Illinois Dept. of Public Health,* 879 F.2d 286, 288 (7th Cir.1989). In addition, if the complaint fails to allege a necessary element required to obtain relief, dismissal is in order. *R.J.R. Services, Inc. v. Aetna Casualty and Surety Co.,* 895 F.2d 279, 281 (7th Cir.1989). The defendant has the burden of establishing the legal insufficiency of the complaint. *Yeksigian v. Nappi,* 900 F.2d 101, 104-05 (7th Cir.1990).

Mobile and Natour argue the alleged fraudulent acts in the complaint fail to satisfy the pleading requirements for both Fed.R.Civ.P. 9(b) for Fraud, Civil Conspiracy, and the Latham Act. Specifically, Defendants allege that plaintiffs (1) fail to plead fraud with the specificity required by Fed.R.Civ.P. 9(b); and (2) fail to state an adequate basis for predicate acts required under Latham, and Consumer Fraud. Fed.R.Civ.P. 9(b) provides that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. In order to state a claim for fraud that meets the requirements of Fed.R.Civ.P. 9(b), a plaintiff must allege the time, place, and content of the alleged fraudulent statement. *Graue Mill Development Corp. v. Colonial Bank & Trust Co.,* 927 F.2d 988, 992 (7th Cir.1991) (citations omitted). Mere allegations of fraud, averments to conditions of mind, or references to plans and schemes are too

conclusory to satisfy the particularity requirements. *Id.* citing *Flynn v. Merrick,* 881 F.2d 446, 449 (7th Cir.1989). The purpose of this rule is to protect the reputation of potential defendants and to ensure adequate notice to the defendants of the critical facts. *Gerdes v. John Hancock Mutual Life Insurance Co.,* 712 F.Supp. 692, 702 (N.D.Ill.1989).

Mobile and Natour, et al., move to dismiss the complaint in its entirety. Viewing the allegations in a light most favorable to the Platinumtel the allegations do not meet the requirements of Fed.R.Civ.P. 9(b). Plaintiff does not systematically identify individuals, dates, places, checks, customers, invoices, etc… in their allegations. Platinumtel does not give sufficient notice of the Plaintiffs' claims to enable the preparation of a defense.

## II.     Natour Should not be Named Individually in the Suit

A plain reading of the First Amended Complaint against Natour, individually, seems that he was made a party arbitrarily. Platinumtel does not make any showing that Natour's corporate interests are a dummy or sham, and is devoid of any facts that show he ever acted in his individual capacity or in an "alter ego." A corporation is a legal entity that exists separate and distinct from shareholders, officers, and directors. *Macaluso v. Jenkins, 95 Ill.App.3d 461, 464, 50 Ill.Dec. 934, 420 n.E.2d 25 (1981)* Corporate officer holders and directors are not individually liable for the debts and obligations of a corporation. *Macaulso, 95 Ill.App.3d at 464, 50 Ill.Dec. 934, 420 n.E.2d at 254.* A party seeking to pierce the corporate veil has the burden of making a substantial showing that one corporation is really a dummy or sham for another, and the courts will pierce the corporate veil only reluctantly. *Fontana v. TLD Builders, Inc., 362 Ill.App.3d 491, 840 N.E.2d 767, 298 IllDec. 654.*

A two prong test is employed in order to determine whether to pierce the corporate veil: (1) there must be such unity of interest and ownership that the separate personalities of the corporation and individual no longer exists; (2) circumstances must exist such that adherence to the fiction of separate corporate existence would sanction a fraud, promote injustice, or inequitable consequences. *People ex rel. Scott v. Pintozzi, 50 Ill.2d 115, 128-29, 277 N.E.2d 844 (1971)* One of the considerations of whether a corporation is adequately capitalized in determining whether the unity of interest and ownership prong of the pierce-the-corporate-veil test is met.

The primary purpose of doing business as a corporation is to insulate officers from liability for corporate activity. Platinumtel does not allege that Natour: (1) did not follow corporate formalities, ( 2) plead with any specificity that Natour committed a fraud, (3) or that Natour operated these businesses as a alter ego. The complaint is devoid of any specific factual allegations that should require Natour to be named.

## CONCLUSION

For the forging reasons, US Mobile and Ramsey Natour, individually, and d/b/a U.S. Mobile Inc., et al., respectfully requests the Court:

a) to dismiss all claims against the Defendants with prejudice and or grant any additional relief it deems just and proper;

b) to dismiss all claims against the Defendant US Mobile;

c) to dismiss all claims against the Defendant Ramsey Natour;

d) to dismiss all claims against Defendants Quick Com, Quick Com II, Quick Com Cellular Corp., EZ Com, Quick Com Chicago.


By:_____   s/ Thomas F. Courtney, Jr.


US Mobile, Inc., and Ramsey Natour, individually and d/b/a U.S. Mobile, Quick Com, Quick Com II, Quick Com Cellular Corp., EZ Com, Quick Com Chicago


Thomas F. Courtney & Associates, PC

Attorney for Defendants

Thomas F. Courtney, Jr.

7000 West 127th Street

Palos Heights IL 60463

(708) 448 4400