JPL/BAO/JLL                                                                 526-1-8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Court No.: 08 CV 1062 |
| ZEFCOM, LLC d/b/a TELISPIRE, TELISPIRE, INC., U.S. MOBILE, INC., EZ STREAM, INC., QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION, EZ COM, CHICAGO, INC., d/b/a QUICK COM CHICAGO, and RAMSEY NATOUR, individually and d/b/a U.S. MOBILE, INC., QUICK COMM, INC. a/k/a QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION and/or QUICK COM CHICAGO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**PLAINTIFFS' RULE 26(a)(1) DISCLOSURES**

Plaintiff, PLATINUMTEL COMMUNICATIONS, LLC, by its attorneys, John P. Lynch, Brian A. O'Gallagher, Jessica L. Lesniewski and CREMER, KOPON, SHAUGHNESSY & SPINA, LLC, and for its Rule 26(a)(1) Disclosures, states as follows:

I.   **Responses to Rule 26(a)(1)(A):**

   A.   **WITNESSES**

   The following individuals are likely to have discoverable information relevant to the above captioned case:

### 1. Omar M. Aqel, PlatinumTel Communications, LLC

Omar Aqel has knowledge of the matters contained in the plaintiffs' amended complaint. He has information regarding the Defendants' sale of prepaid wireless services, as well as the unlawful deduction of minutes from their pre-paid wireless programs in violation of their representations to consumers. He further has information regarding the false advertising used to sell those prepaid wireless programs. Mr. Aqel is in possession of documents regarding these matters, which have previously been produced in this case. He also has knowledge regarding the Plaintiff's damages. His investigation continues into all matters related to this case.

### 2. Areej Malley

Areej Malley has knowledge of the matters contained in the plaintiffs' amended complaint. She has information regarding the Defendants' sale of prepaid wireless services, as well as the unlawful deduction of minutes from their pre-paid wireless programs in violation of their representations to consumers. She further has information regarding the false advertising used to sell those prepaid wireless programs.

### 3. Curtis M. Knobloch, Telispire

Mr. Knobloch has knowledge regarding the Defendants' purchase, sale and marketing of prepaid wireless services, and the illegal deduction of minutes from prepaid wireless programs sold by those Defendants. He has knowledge regarding the Defendants' profits realized from this illegal activity and the location of documents memorializing such illegal activity. Mr. Knobloch has knowledge of PlatinumTel's complaints to Telispire regarding the unlawful deduction of minutes from prepaid wireless programs sold by the Defendants, Telispire's investigation into those complaints, and its refusal to take action in response to those complaints. He has knowledge of the reconciliation and billing process that has informed Telispire of the illegal activity of Defendants' EZ Stream and US Mobile, and of Telispire's support of that activity.

### 4. Ramsey Natour, US Mobile

Mr. Natour has knowledge regarding Telispire's and US Mobile's sale and purchase of wireless minutes, and the sale and marketing of pre-paid wireless programs to consumers. He has knowledge of the improper and illegal deduction of minutes from those prepaid programs with the knowledge and assistance of Telispire. Further, he has knowledge of the false advertising employed by US Mobile in furtherance of this scheme to defraud consumers of prepaid wireless minutes sold by US Mobile, and the profits realized by US Mobile and Telispire from that activity. It is further anticipated that Mr. Natour has knowledge of the location of documents memorializing this activity and possession of such documents.

### 5. Sami Natour, US Mobile

Mr. Natour has knowledge regarding Telispire's and US Mobile's sale and

purchase of wireless minutes, and the sale and marketing of pre-paid wireless programs to consumers. He has knowledge of the improper and illegal deduction of minutes from those prepaid programs with the knowledge and assistance of Telispire. Further, he has knowledge of the false advertising employed by US Mobile in furtherance of this scheme to defraud consumers of prepaid wireless minutes sold by US Mobile, and the profits realized by US Mobile and Telispire from that activity. It is further anticipated that Mr. Natour has knowledge of the location of documents memorializing this activity and possession of such documents.

6. **Khaled Abualshaikh, EZ Stream, Inc.**

Mr. Abualshaikh has knowledge regarding Telispire's and EZ Stream's sale and purchase of wireless minutes, and the sale and marketing of pre-paid wireless programs to consumers. He has knowledge of the improper and illegal deduction of minutes from those prepaid programs with the knowledge and assistance of Telispire. Further, he has knowledge of the false advertising employed by EZ Stream in furtherance of this scheme to defraud consumers of prepaid wireless minutes sold by EZ Stream, and the profits realized by EZ Stream and Telispire from that activity. It is further anticipated that Mr. Abualshaikh has knowledge of the location of documents memorializing this activity and possession of such documents.

7. **Court Reporters**

The plaintiff hereby reserves the right to identify any court report who has attended depositions in this case and whose testimony will be necessary at trial.

8. **All Witness disclosed by any other party**

The plaintiff hereby reserves the right to identify any witness disclosed by any party to this case.

B. **DOCUMENTS**

The following is a list of the relevant documents in Plaintiffs' possession; these documents have been previously produced. The Plaintiff reserves the right to supplement these document disclosures pursuant to Rule 26(e)(1), as discovery progresses in this case.

1. The Affidavit of Omar M. Aqel.

2. EZ Stream advertisement. (*Exhibit A* to Aqel Affidavit).

3. Pre-paid activation invoice re EZ Stream account. (*Exhibit B* to Aqel Affidavit).

4. EZ Stream call detail report. (*Exhibit C* to Aqel Affidavit)

5. T-Mobile call detail report. (*Exhibit D* to Aqel Affidavit).

6. Summary of improper deductions from prepaid account sold by EZ Stream. (*Exhibit E* to Aqel Affidavit).

7. EZ Stream call detail report. (*Exhibit F* to Aqel Affidavit).

8. Summary of improper deductions from prepaid account sold by EZ Stream. (*Exhibit G* to Aqel Affidavit).

9. EZ Stream call detail report. (*Exhibit H* to Aqel Affidavit).

10. EZ Stream call detail report. (*Exhibit I* to Aqel Affidavit).

11. Summary of improper deductions from prepaid account sold by EZ Stream. (*Exhibit J* to Aqel Affidavit).

12. US Mobile call detail report. (*Exhibit K* to Aqel Affidavit).

13. Summary of improper deductions from prepaid account sold by US Mobile. (*Exhibit L* to Aqel Affidavit).

14. Email correspondence from Omar M. Aqel to Curtis Knobloch.

15. Affidavit of Areej Malley.

16. Plaintiff's investigation into these matters continues.

## C. **DAMAGES**

1. Plaintiff is in possession of tax returns demonstrating its damages from the Defendants' fraudulent conduct. Those documents that are not privileged will be made available for review after the entry of an appropriate protective order.

2. The Defendants are in possession of tax returns, financial and sales records, reconciliation documents, MAF files and other documentation demonstrating the unlawful deduction of minutes from prepaid cell phone packages and the profits realized therefrom.

3. Plaintiffs investigation into these matters continues.

## D. **INSURANCE**

Not applicable

CREMER, KOPON, SHAUGHNESSY & SPINA, LLC.


By:    /s/ John P. Lynch, Jr.
       Attorneys for Plaintiff


John P. Lynch, Jr.
Brian A. O'Gallagher
Jessica L. Lesniewski
CREMER KOPON SHAUGHNESSY & SPINA, LLC
180 North La Salle Street
Suite 3300
Chicago, Illinois 60601
(312) 726-3800 – Telephone
(312) 726-3818 – Facsimile

## PROOF OF SERVICE

I, the undersigned attorney, certify that I filed this Proof of Service and the documents identified herein through the Court's ECM/CF document filing system, which will cause electronic notification of the filing to be sent to all counsel of record.

/s/ John P. Lynch, Jr.