**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 1062 |
| vs. | ) | |
| | ) | Judge JOAN H. LEFKOW |
| ZEFCOM, LLC d/b/a TELISPIRE, INC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT TELISPIRE'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS AMENDED COMPLAINT**

In its opening memorandum, Telispire established that PlatinumTel's Amended

Complaint fails to state a claim upon which relief may be granted because: (1) PlatinumTel

lacks standing to bring false advertising claims against Telispire, which in this circumstance is

not providing retail services under the Telispire brand; (2) The Amended Complaint fails to state

a claim for false advertising because it fails to allege any false statement attributable to Telispire

or that Telispire had anything to do with any alleged false statements made by the other

defendants; (3) the Amended Complaint fails to state a claim for civil conspiracy because it

relies on conclusory allegations regarding the existence of a conspiracy and fails to plead an

underlying tort; and (4) PlatinumTel fails to plead each count with the specificity required under

Rule 9(b).

In its response, PlatinumTel rehashes its conclusory allegations and impermissibly relies

on factual assertions that are not even alleged in the Amended Complaint. In addition,

PlatinumTel relies upon legal standards that are incorrect, as is clear from the very cases that

PlatinumTel cites. PlatinumTel's attempt to manufacture claims against Telispire that have no

legal or factual support must fail, and its claims against Telispire should be dismissed with prejudice.

**ARGUMENT**

PlatinumTel's reliance on incorrect legal standards begins with its articulation of the standard governing Telispire's motion to dismiss. Citing to an unpublished 2002 opinion from this Court which, in turn, cites only *Conley v. Gibson*, 355 U.S. 41 (1957), PlatinumTel asserts that its claims should not be dismissed unless it can "prove no set of facts in support of [its] claim which would entitle [it] to relief." (Resp. at 2.) *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1969 (2007), expressly overruled *Conley* and described the language cited by PlatinumTel as "best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ." Under the correct standard articulated by the Supreme Court in *Twombly*, PlatinumTel is required to provide sufficient detail supporting its allegations and cannot rely merely on "labels and conclusions . . . and a formulaic recitation of the elements of a cause of action." *Id.* at 1964. Because the Amended Complaint lacks sufficient, and in many cases *any*, detail supporting PlatinumTel's conclusory allegations, the claims against Telispire should be dismissed.

## I.    PLATINUMTEL FAILS TO STATE ANY CLAIM FOR RELIEF AGAINST TELISPIRE UNDER THE LANHAM ACT.

PlatinumTel has filed two complaints and a 15-page response to Telispire's motion to dismiss, but still has not identified a single false statement made by Telispire or any conduct by Telispire that had anything to do with the EZ Stream and U.S. Mobile Defendants' allegedly false advertising. Instead, PlatinumTel contends that the Amended Complaint states a claim for false advertising because, it alleges, Telispire provides the EZ Stream and U.S. Mobile Defendants the technological platform that enables them to provide wireless services to customers and Telispire had knowledge of their allegedly fraudulent scheme. (Resp. at 3.) Even

taking those allegations as true, the Amended Complaint still fails to state a claim against Telispire for false advertising under the Lanham Act.[1]

### A.    PlatinumTel Fails to Allege a Competitive Injury.

PlatinumTel and Telispire are not competitors.  PlatinumTel sells prepaid wireless services to retail customers in Chicago.  (Amend. Comp. ¶ 28.)  Telispire does not.  There are no well-pleaded allegations in the Complaint to the contrary.[2]  Rather, PlatinumTel complains only about advertising by the EZ Stream and U.S. Mobile Defendants of services sold under those companies' brands.  (Amend. Comp. ¶ 34.)  Accordingly, PlatinumTel can allege no competitive injury vis-à-vis Telispire and does not have standing to bring a false advertising claim against Telispire.  *See Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221, 223 (3d Cir. 1998) (retailers lacked standing to assert claims against manufacturer of products used by competing retailers); *see also Telecom Int'l Am. Ltd. v. AT&T Corp.*, 280 F.3d 175, 197 (2d Cir. 2001) (same).

PlatinumTel contends that it has standing to bring false advertising claims against Telispire because the two companies are in the same general "line of business."  (Resp. at 6.) PlatinumTel is incorrect.  The retailers and manufacturers in *Conte* and *Telecom Int'l* were in the same line of business, but that was insufficient to confer standing upon the retailers.  As those cases make clear, a defendant must compete with the plaintiff in selling products or services in

---

[1]  Because PlatinumTel fails to state a claim for false advertising under the Lanham Act, the same allegations cannot support a claim under either the Illinois Consumer Fraud and Deceptive Business Practices Act or the Uniform Deceptive Trade Practices Act.  *Gimix, Inc. v. JS & A Group, Inc.*, 699 F.2d 901, 908 (7th Cir. 1983).  Thus, Counts II-III should also be dismissed.

[2]   Instead of pointing to any allegations in the Amended Complaint supporting its contention that PlatinumTel and Telispire are competitors, PlatinumTel disingenuously asserts that Telispire "admits" that it sells services "in competition with plaintiff."  (Resp. at 7.)  Telispire has admitted no such thing. On the contrary, Telispire moved to dismiss because PlatinumTel's allegations do *not* stem "from any retail sales that Telispire purportedly made in competition with PlatinumTel."  (Mem. at 7.)

order for the parties to be competitors within the meaning of the Lanham Act. *Conte Bros.*, 165 F.3d at 223; *Telecom Int'l*, 280 F.3d at 197. PlatinumTel attempts to distinguish *Conte* on the ground that it involved a putative class action plaintiff retailer and a defendant manufacturer, but does not explain why those facts mean that the reasoning of *Conte* does not apply. (Resp. at 7-8.) PlatinumTel does not even attempt to distinguish *Telecom Int'l*, which is directly on point. Both *Conte* and *Telecom Int'l* require dismissal of the Amended Complaint.

Even PlatinumTel's own cases require dismissal. PlatinumTel relies upon *U.S. West, Inc. v. Business Discount Plan, Inc.*, 196 F.R.D. 576, 590-91 (D. Colo. 2000), in which a reseller of long distance services was found to be a competitor of a telephone company because they both competed to sell the same services. In *U.S. West*, unlike this case, both parties sold retail services — but one sold services on its own network, and the other resold services provided on a third-party network. *Id.* at 579. Thus, *U.S. West* is consistent with *Conte* and *Telecom Int'l* and does not support PlatinumTel's contention that it competes with Telispire merely because they are both in the same general line of business. Likewise, in *Euclid v. Insurance Agencies, Inc. v. American Ass'n of Orthodontists*, 1998 WL 60775 (N.D. Ill. Feb. 5, 1998), the court held that plaintiff and defendant were competitors not because they were in the same general line of business, but because they sold competing products. In *Euclid*, an Association of physicians was permitted to bring a Lanham Act counterclaim against an insurance agency. *Id.* at *5. The Association and the insurance agency were competitors, because the division of the Association involved in the suit also sold insurance policies. *Id.* Thus, *U.S. West* and *Euclid* follow the same rule as *Conte and Telecom Int'l* and support dismissal of PlatinumTel's Amended Complaint.

Finally, PlatinumTel contends that it suffered a "competitive injury," because its "revenue and profitability have declined considerably" and it has had to "terminate the

employment of nearly half of its employees." (Resp. at 6-7.) PlatinumTel's contentions miss the point. The issue is not merely whether PlatinumTel can allege any injury, but whether it alleges a competitive injury *attributable to Telispire*. None of PlatinumTel's purported injuries is a competitive injury attributable to Telispire, because Telispire is not in competition with PlatinumTel and Telispire is not alleged to have made any false statement. PlatinumTel's cases support that proposition. *Hot Wax, Inc. v. Turtle Wax, Inc.* 191 F.3d 813, 819 (7th Cir. 1999) (plaintiff must have been injured as a result of false statement made by defendant); *Morton Grove Pharm., Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 494 F. Supp. 2d 934, 938 (N.D. Ill. 2007) (defendant's own allegedly false statements caused plaintiff's alleged discernable competitive injury).

### B.       Telispire Cannot Be Held Liable For Others' Allegedly False Statements.

Because Telispire is not alleged to have made any false statement itself, PlatinumTel's false advertising claims can survive only if Telispire can be held liable for the EZ Stream and U.S. Mobile Defendants' allegedly false statements. At best, the Amended Complaint alleges that Telispire knew about but failed to prevent the EZ Stream and U.S. Mobile Defendants' false statements in advertising. Seventh Circuit case law is clear that knowledge alone does not amount to substantial assistance giving rising to joint liability, *EEOC v. Illinois*, 69 F.3d 167, 170 (7th Cir. 1995), and one defendant cannot be liable for another's false statements absent allegations that it provided substantial assistance in promulgating or disseminating the false advertising or knowingly encouraged the other defendant to use the alleged false claims in its advertising. *See Allen v. Organ Co. v. Galanti Organ Builders, Inc.*, 798 F. Supp. 1162, 1170-71 (E.D. Pa. 1992).

PlatinumTel does not address the key controlling decision on this point, *EEOC*, 69 F.3d at 170. Instead, relying on *Century 21 Real Estate Corp. v. Re/Max South County*, 882 F. Supp. 915 (C.D. Cal. 1994), PlatinumTel contends that "a plaintiff must demonstrate that a defendant knew of the deceptive activity at issue *or* provided substantial assistance in disseminating the advertising involved." (Resp. at 5 (emphasis added).) *Century 21* does not support that contention. Indeed, *Century 21* follows the same rule as *EEOC*, and requires dismissal of PlatinumTel's false advertising claims.

In *Century 21*, the court held that in order to state a claim for false advertising under the Lanham Act, a plaintiff must allege that "the defendant has knowingly participated in the creation, development and propagation of the . . . false advertising campaign." 882 F. Supp. at 925 (quotations omitted). The Court granted summary judgment in favor of the defendant because "Century 21 has provided no evidence that [defendant] has any connection whatsoever to any advertisements . . . [and] therefore [defendant] may not be held liable as a joint tortfeasor for the advertisements placed by RMI and Byme." *Id.* PlatinumTel's allegations against Telispire fail for the same reason.

*Century 21* did not, as PlatinumTel suggests, hold that knowledge alone suffices to state a claim. *Century 21* quoted a portion of the *Allen Organ* decision stating that the plaintiff's claims failed because there was no evidence that defendants "knew that conduct of [co-defendants] constituted a breach of duty or that defendants provided substantial assistance to [co-defendant] in promulgating and disseminating the claims." 882 F. Supp. at 925, *citing* 798 F. Supp. at 1171. PlatinumTel reads that quotation to mean that the test set forth in *Allen Organ* is disjunctive – that either knowledge *or* substantial assistance is enough to establish liability under the Lanham Act. Read in context, it is clear that *Allen Organ* required that a defendant both have knowledge

of *and* substantially assist another party's false advertising.  798 F. Supp. at 1171.  The portion

of *Allen Organ* quoted in *Century 21* merely stated that the plaintiff fell short on both prongs of

the test in that case.  Under *Allen Organ* and *Century 21*, as well as *EEOC*, knowledge of and

failure to prevent another's false advertising is not enough to render a defendant liable under the

Lanham Act.[3]

PlatinumTel attempts to equate purported knowledge with substantial assistance.

According to PlatinumTel, "Telispire provides . . . services [to the EZ Stream and U.S. Mobile

Defendants] with full knowledge of the false advertising being carried out, and therefore,

Telispire actively assists in the wrongful activities."  (Resp. at 6.)  But *EEOC*, binding Seventh

Circuit authority that PlatinumTel ignores, makes clear that "[a]ssisting, and failing to prevent,

are not the same thing."  69 F.3d at 170.

PlatinumTel does not allege that Telispire had any connection whatsoever to any

advertisements disseminated by the EZ Stream and U.S. Mobile Defendants.  *Century 21*, 882 F.

Supp. at 925.  The only affirmative conduct by Telispire that PlatinumTel alleges is that Telispire

allegedly "provides the technological platform for U.S. Mobile, Inc. and EZ Stream, Inc. to set

prepaid rates, coordinate billing, prepare Call Detail Reports ('CDRs') and add or deduct

minutes from customers' accounts."  (Resp. at 3.)  None of that relates in any way to the EZ

Stream and U.S. Mobile Defendants' allegedly false advertising.  Under PlatinumTel's logic, an

upstream provider of any good or service would always be liable for the false statements made

by its customers because "but for" the upstream provider, the party would not have been in

---

[3] In any event, the "evidence" of Telispire's knowledge on which PlatinumTel relies all relates to facts
Telispire is alleged to have learned *after* the allegedly false advertising had taken place.  (*See* Resp. at 4.)
PlatinumTel does not claim that Telispire engaged in any deceptive act or practice itself, or that Telispire
was aware of the allegedly deceptive advertising at issue when it occurred.  Telispire certainly could not
have prevented advertising or intended that consumers rely upon a deception of which it was not aware.

business and therefore would not have been able to make the false statement.  But that is not the test under the Lanham Act.  Both *Allen Organ* and *Century 21* make clear that providing services is not enough – to be liable a supplier must participate in the advertising that is alleged to be false.  798 F. Supp. at 1170; 882 F. Supp. at 925.

In sum, there simply is no legal basis for PlatinumTel's false advertising claims against Telispire.  Counts I through III should be dismissed with prejudice.

## II.     PLATINUMTEL FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY.

In its opening memorandum, Telispire established that PlatinumTel fails to state a claim for civil conspiracy because it does not plead an underlying tort and because its conclusory allegations of the elements for the existence of a conspiracy do not provide sufficient detail to survive a motion to dismiss.

In response, PlatinumTel makes two arguments.  First, citing *McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 257-58 (Ill. 1999), PlatinumTel contends that it is not required to plead the elements necessary to demonstrate the existence of a conspiracy or an underlying tort, but need only "*eventually establish*" those elements at some point in the future.  (Resp. at 12 (emphasis in original).)  That is not the case, and *McClure* does not support such a proposition. "A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided."  *Tidwell v. Teneyuque*, 2001 WL 321052, at *2 (N.D. Ill. Mar. 30, 2001) (granting motion to dismiss) (quotations omitted); *see also Gross ex rel. U.S. v. Aids Research Alliance-Chicago*, 2004 WL 905952, at *9 (N.D. Ill. Apr. 27, 2004) (plaintiff's conspiracy claims dismissed for failure to plead the basic elements of a conspiracy – the existence of an agreement and an overt act).

Next, PlatinumTel rehashes its allegations that Telispire is aware of alleged false prepaid wireless advertising and that Telispire refused to take action to stop the alleged fraud when confronted by PlatinumTel. (Resp. at 12.) Those allegations do not suffice to state a claim for civil conspiracy. *McClure* itself holds that "mere knowledge of the fraudulent or illegal actions of another is not enough to show a conspiracy." 720 N.E.2d at 258. Instead, to properly plead a claim for civil conspiracy against Telispire, PlatinumTel must allege that Telispire itself committed a tortious act or "planned, assisted, or encouraged [a tortious] act" of the EZ Stream and U.S. Mobile Defendants. *Id.*

Finally, PlatinumTel's allegations do not suffice to state a claim for civil conspiracy because, for the reasons discussed in Telispire's opening memorandum, they do not establish the existence of an underlying tort. Without an underlying tort, PlatinumTel's civil conspiracy claim must fail. *Cumis Ins. Soc'y v. Peters*, 983 F. Supp. 787, 794 (N.D. Ill. 1997). PlatinumTel does not address Telispire's arguments regarding why these allegations do not state a claim for an underlying tort. Indeed, PlatinumTel does not even identify the underlying tort upon which its civil conspiracy claims rest. That deficiency is dispositive and requires dismissal of Counts IV and V.

## III.   PLATINUMTEL HAS FAILED TO PLEAD EACH COUNT WITH THE SPECIFICITY REQUIRED UNDER RULE 9(b).

PlatinumTel essentially concedes that the Amended Complaint does not contain the detail required by Rule 9(b). PlatinumTel nevertheless contends that its claims should survive.

First, PlatinumTel cites to *Merix Pharmaceutical Corp. v. GlaxoSmithKline Consumer Healthcare, L.P.*, 2006 WL 1843370, at *2 (N.D. Ill. June 26, 2006), in an attempt to avoid alleging any facts with specificity as required by Rule 9(b). According to PlatinumTel, *Merix* allows PlatinumTel to assert the vaguest of allegations and prevail on a motion to dismiss.

(Resp. at 13-14.)  PlatinumTel is wrong.  *Merix* does not address a situation where a plaintiff attempts to allege claims against multiple defendants, and does not relieve PlatinumTel of its obligation to include allegations that are specific to Telispire.  *See Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994) ("[W]hen the complaint accuses multiple defendants of participating in the scheme to defraud, the plaintiffs must take care to identify which of them was responsible for the individual acts of fraud."); *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (affirming dismissal of fraud counts described as "woefully deficient" because they failed to "mention any misrepresentations, much less any specifics about those misrepresentations" by particular defendant).

The allegations in PlatinumTel's Amended Complaint impermissibly lump all of the defendants together.  The "details" alleged in the Amended Complaint which PlatinumTel contends meet Rule 9(b) pleading requirements (Resp. at 13-14) do not pertain to any false statements or other affirmative conduct by Telispire.  The "factual allegations" to which PlatinumTel points that do pertain to Telispire, for example "Telispire has knowledge of the specific details of customer accounts, including details about wrongfully deducted prepaid wireless minutes," are not even alleged in the Amended Complaint. (Resp. at 14.)  PlatinumTel cannot avoid dismissal by making up allegations to supplement its complaint.

PlatinumTel also contends its allegations made upon "information and belief" are sufficient because it is "without knowledge of the details and complexity of Telispire's relationship with the other defendants."  (Resp. at 14-15.)  In other words, PlatinumTel admits that there are no underlying facts supporting its "information and belief," and that it is merely speculating on what the facts might be.  The Seventh Circuit has held that under Rule 9(b) and Rule 11, even if facts are "inaccessible," a plaintiff must still set forth "the grounds for his

suspicions." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683-84 (7th Cir. 1992).

PlatinumTel has not done so, and therefore its claims against Telispire should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Telispire respectfully requests that the Court

dismiss all claims against Telispire with prejudice and grant any additional relief which the Court

deems just and proper.

Dated: June 24, 2008                                Respectfully submitted,


                                           By:    s/  Terri L. Mascherin
                                                  _____
                                                  One of Telispire's Attorneys

Terri L. Mascherin (6187735)
Jeffrey S. Eberhard (6276471)
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: (312) 923-2799

## CERTIFICATE OF SERVICE

I, Jeffrey S. Eberhard, an attorney, hereby certify that on June 24, 2008, I served the above and foregoing **Defendant ZefCom, LLC's d/b/a Telispire® ("Telispire's") Reply in Support of Its Motion to Dismiss Amended Complaint,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| **John P. Lynch, Jr.**<br>**Brian A. O'Gallagher**<br>**Jessica Lynn Lesniewski**<br>Cremer, Kopon, Shaughnessy & Spina<br>180 North LaSalle Street<br>Suite 3300<br>Chicago, IL 60601<br>(312) 726-3800<br>(312) 726-3818 (Fax)<br>jlynch@cksslaw.com<br>bogallagher@cksslaw.com<br>jlesniewski@cksslaw.com<br><br>**Attorneys for Plaintiff PlatinumTel** | **John Mraibie**<br>Akram Zanayed & Associates<br>8550 S. Harlem, Ste. G<br>Bridgeview, IL 60455<br>(708) 237-9000<br>johnmazalaw@yahoo.com<br><br>**Attorney for EZ Stream Defendants** |
| **Thomas Francis Courtney, Jr.**<br>Thomas F. Courtney & Associates<br>7000 West 127th Street<br>Palos Heights, IL 60463<br>(708) 448-4400<br>lawyersoffices@sbcglobal.net<br><br>**Attorney for U.S. Mobile Entities and Ramsey Natour** | |

By: __s/ _Jeffrey S. Eberhard___