IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, <br><br> PLAINTIFF, <br><br> v. <br><br> ZEFCOM, LLC d/b/a TELISPIRE, TELISPIRE, INC., et. al. <br><br> DEFENDANTS, | COURT NO. 08 CV 1062 |

**EZ STREAMS'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPAINT**

Now comes the Defendant EZ Stream, Inc., by and through its attorneys, Akram Zanayed & Associates, replies to PlatinumTel's response as follows:

**ARUGUMENT**

In Plaintiff's response brief it argues that its amended complaint should not be dismissed because it has stated a cause of action under the Lanham Act against Defendant EZ Stream, and in support of its claim it cites the case of *Hot Wax, Inc. v. Turtle Wax*, 191 F3d. 813 (7th Cir. 1999) as to the elements that must be plead in order to state a cause of action under the act. (See pg. 5-6 of Plaintiff's Response). However, Plaintiff misstates the elements as stated in the Hot Wax case. Plaintiff asserts that one of the elements that must be pled under the Lanham Act is that the "defendant caused its *falsely advertised goods* to enter interstate commerce." Id. The *Hot Wax* case states that the Plaintiff must allege "the defendant caused its *false statements* to enter interstate commerce." *Hot Wax*. at 819. In the matter at hand Plaintiff has made several allegations

that Defendant EZ Stream has falsely advertised its services, but has failed to comport to the elements that are required to be plead in a case it cites in support of its allegations, by failing to identify any of the false advertisements entered into interstate commerce.

The *Hot Wax* case requires that in order to state a cause of action the plaintiff must prove "(1) a false statement of fact by the defendant in a commercial advertisement about its own product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products. Id at 819.

Plaintiff, attempts to bolster its position by performing a factor by factor analysis of the Lanham factors as stated in the *Hot Wax* case, however Plaintiff fails to satisfy the factors.  Plaintiff attempts to state that it has satisfied the first factor by stating that it has plead Defendant EZ Stream made false statements through various forms of advertisements, including point of purchase misrepresentations regarding the amount of minutes customers receive under prepaid wireless plans. (See pg.6 ¶ 2 of PlatinumTel's Response). In furtherance of its claims Plaintiff cites allegations that were contained in the affidavits that were attached to its amended complaint. However, the affidavits fail to fill the gaps in Plaintiff's theory. The affidavits fail to establish what false advertisements were made by Defendant EZ Stream or if they were even made by Defendant EZ Stream.

As to Plaintiff's analysis of the fourth factor, Plaintiff cites the case of *Wobble Light, Inc., v. Mclain/Smigiel Partnership*, 890 F.Supp. 721 (N.D. Ill. 1995), in support of

its theory that it need not establish that the false advertisements entered interstate commerce but that it must establish that the falsely advertised goods entered interstate commerce. (See pg 7. ¶ 2 of PlatinumTel's Response). However, even if this court is to take the view as established in the *Wobble* case, Plaintiff would still be required to establish that the Defendant EZ Stream's falsely advertised products entered into the stream of interstate commerce. In its attempt to satisfy the requirements of the *Wobble* case, Plaintiff cites to *U.S. v. Clayton*, 108 F.3rd, 1114 (9th cir. 1997), which states that telephones are instrumentalities of interstate commerce. (See pg 7. ¶ 2 of PlatinumTel's Response). However, PlatinumTel must still establish the Defendant EZ Stream's allegedly falsely advertised goods entered into the stream of interstate commerce.

## CONCLUSION

Accordingly, Defendant EZ Stream respectfully requests that this Court dismiss all claims against EZ Stream with prejudice and grant any additional relief which the Court deems just and proper.

Dated: June 24, 2008

Respectfully submitted,

By: /s/ Hanna Mraibie
One of EZ Stream's Attorneys

Akram Zanayed (6192587)
Hanna Mraibie (6275561)
Akram Zanayed & Associates
8550 S. Harlem, Suite G
Bridgeview, Il 60455
Phone 708-237-9000

## CERTIFICATE OF SERVICE

I, Hanna Mraibie, an attorney, hereby certify that on June 24, 2008, I served the above and forgoing, Defendant EZ Stream's Reply in Support of Its Motion to Dismiss Amended Complaint, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| John P. Lynch, Jr.<br>Brian A. O'Gallagher<br>Jessica Lynn Lesniewski<br>Cremer, Kopon, Shaughnessy & Spina<br>180 N. LaSalle St.<br>Suite 3300<br>Chicago, Il 60601<br><br>Attorneys for PlatinumTel | Thomas Francis Courtney, Jr.<br>Thomas F. Courtney & Associates<br>7000 W. 127th St.<br>Palos Heights, Il 60463<br><br>Attorney for U.S. Mobile Entities and Ramsey Natour |
| Terri L. Mascherin<br>Jeffrey S. Eberhard<br>Jenner & Block LLP<br>330 N. Wabash Ave.<br>Chicago, Il 60611<br><br>Attorneys for Telispire | |

By: /s/ Hanna Mraibie