JPL/BAO/JLL                                                                                                          526-1-8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZEFCOM, LLC d/b/a TELISPIRE, ) <br> TELISPIRE, INC., U.S. MOBILE, INC., ) <br> EZ STREAM, INC., QUICK COM, INC., ) <br> QUICK COM II, INC., QUICK COM ) <br> CELLULAR CORPORATION, EZ ) <br> COM, CHICAGO, INC., d/b/a QUICK ) <br> COM CHICAGO, and RAMSEY ) <br> NATOUR, individually and d/b/a U.S. ) <br> MOBILE, INC., QUICK COMM, INC. ) <br> a/k/a QUICK COM, INC., QUICK COM ) <br> II, INC., QUICK COM CELLULAR ) <br> CORPORATION and/or QUICK COM ) <br> CHICAGO, ) <br> ) <br> Defendants. | Court No.: 08 CV 1062 |

**PLATINUMTEL'S RESPONSE TO DEFENDANTS', U.S. MOBILE, INC., AND
RAMSEY NATOUR, AMENDED MOTION TO DISMISS
AMENDED COMPLAINT**

Defendants, U.S. MOBILE, INC., (hereinafter "U.S. Mobile") and RAMSEY NATOUR (hereinafter "Natour") have apparently moved, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), to dismiss the Amended Complaint filed by PLATINUMTEL COMMUNICATIONS LLC, (hereinafter "PlatinumTel"). In its Amended Complaint, PlatinumTel alleges that U.S. Mobile and Natour carried out false advertisement schemes against consumers in the prepaid cellular telephone marketplace.

For the reasons set forth below, the U.S. Mobile/Natour Motion to Dismiss must be denied.

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Associates, Inc., v. Chicago Housing Auth.,* 892 F.2d 583, 586 (7th Cir. 1989) *Caterpillar Inc., G.A. v. Caterpillar Inc.*, 815 F.Supp.1158, 1168 (C.D. Ill. 1992). "In ruling on a motion to dismiss, the court must construe the allegations in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true." *Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993). A complaint is not required to contain a detailed outline of basis for claims. Rather, it must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *The Training Institute, Inc., v. City of Chicago,* 937 F.Supp. 743, 747 (N.D. Ill. 1996)

## INTRODUCTION

This case involves the defendants' scheme to deceive consumers that they will receive a certain number of minutes of prepaid wireless minutes, e.g. 100, for a certain price, e.g. $10, and then provide substantially less minutes than represented without the knowledge of the consumer. The minutes are effectively stolen from the consumer. This scheme is carried out with the assistance and knowledge of Zefcom, Inc, d/b/a Telispire, Inc., (hereinafter "Telispire"), which purchases the minutes from Sprint PCS, resells them to U.S. Mobile, but manages the services on its technological platform and provides the

network for their use.  U.S. Mobile's website reads: "PCS Network provided by Telispire." (*See Amended Complaint* ¶41).

The economic benefit to U.S. Mobile and Telispire are obvious. The false advertising lures consumers (many of whom are young and/or unsophisticated) to U.S. Mobile (and often away from PlatinumTel) with the false promise of a "better deal." As a direct result, Telispire is able to sell more minutes to its business partner (U.S. Mobile) and U.S. Mobile is able to sell more minutes direct to the same consumers that PlatinumTel seeks to sell to. Telispire and U.S. Mobile benefit from the fraud to the detriment of consumers and PlatinumTel. (*See Amended Complaint* ¶¶23-29, 44 and 71).

PlatinumTel has filed an Amended Complaint alleging in detail that defendant, EZ Stream, U.S. Mobile and Telispire carry out false advertising schemes that deprive consumers of prepaid wireless services and data, to their own economic advantage and to the consumers' and the plaintiff's detriment. (*Id.* at  ¶51).  The U.S. Mobile/Natour Motion to Dismiss argues that, "[M]obile and Natour, through a corporate entity, provide prepaid cellular phones and minutes…" (*See p.2 of U.S. Mobile/Natour Motion to Dis*miss).  After reasonable investigation, PlatinumTel was unable to verify that U.S. Mobile, Inc., and other entities operated by Natour, are actually corporations in good standing. PlatinumTel has named Natour as a defendant in this lawsuit based on Natour conducting business through what appear to be corporate entities, including U.S. Mobile, Inc., and Quick Comm Inc., when in fact the entities may be dissolved and/or not in good corporate standing.  (*Id*. at ¶¶9-10, 12-17).

PlatinumTel is a retail seller of prepaid wireless data and services in the greater Chicago area.  U.S. Mobile is also a retail seller of prepaid wireless data and service in

the same prepaid wireless market with PlatinumTel. (*See Amended Complaint* ¶28). U.S. Mobile uses false advertising to significantly and routinely misrepresent the minutes available under their prepaid wireless programs sold to consumers including: imposing more than a one minute, per day connection fee in violation of policies, contrary to their representations and without notice to the customer; arbitrarily adding time to calls, without notice to the customer, such that the minutes erode from the program more quickly than represented; and not providing the minutes promised under their various plans. (*Id.* at ¶44).

U.S. Mobile represents in advertisements that calls made or received during peak time are billed at a one-minute connection fee on all Talk More Plans. (*Id.* at ¶40). However, U.S. Mobile routinely, arbitrarily, willfully and without notice to its customers imposes on its customers a connection fee of substantially more than one minute, thereby depleting customer accounts at will, and causing customers to receive fewer minutes that what was bargained for. (*Id*. at *¶¶*40-41*).* This fraud generates a significant profit for U.S. Mobile and Telispire, Inc. (*Id.* at *¶¶*44 and 71*).* Because PlatinumTel cannot compete with defendants' fraudulent and deceptive marketing efforts, and will not engage in similar conduct, PlatinumTel has been forced to terminate the employment of nearly half of its employees over the last 24 months. (*Id.* at ¶46).

Consumers of prepaid wireless data and services should have the ability to access their prepaid wireless account information in Call Detail Reports ("CDR's") made available through the internet by prepaid wireless service providers. (*Id*. at ¶31). A CDR identifies the minutes consumers have remaining in a prepaid wireless account, along with details regarding each call placed. (*Id.*) The details of a CDR include the date, time

4

and length of a telephone call along with the phone number called. (*Id.*) U.S. Mobile maintains the CDR's for the consumers of its prepaid wireless data and services. Telispire also has knowledge of the details contained in the CDR's of U.S. Mobile's customers. (*Id*. at ¶29). As such, Telispire has knowledge of the amount of prepaid wireless minutes U.S. Mobile sells to consumers under false pretenses and knowledge of the prepaid wireless minutes wrongfully deducted from consumer accounts. After all, Telispire provides the network on which U.S. Mobile operates. (*Id.* at ¶41).

PlatinumTel has provided, by way of Affidavits (*See Exhibits A and B of Amended Complaint*), evidence of the fraud and false advertising scheme of the defendants. In late 2007, PlatinumTel representatives purchased prepaid U.S. Mobile wireless phones and services. (*See Exhibits A and B of Amended Complaint*). False statements in advertising were made by U.S. Mobile to the PlatinumTel representatives/customers. (*Id*.) The false statements made to the PlatinumTel representatives included misrepresentations of the number of minutes the PlatinumTel representatives would receive and the amount of minutes that would be deducted from the plans. (*Id*.) Thereafter, PlatinumTel contacted defendant, Telispire, and informed it of the defendants' fraudulent scheme. (*See ¶27 of Exhibit A of Amended Complaint*). PlatinumTel also provided Telispire with documentation evidencing the fraud; but Telispire refused to take action. (*Id.*)

PlatinumTel has alleged sufficiently detailed facts regarding the fraudulent schemes that U.S. Mobile and Natour carry out to deprive their customers of prepaid wireless data and services advertised. PlatinumTel has more than satisfied the requirements necessary to maintain the following claims: (1) false advertising under

5

§1125(a) the Lanham Act; (2) violation of the Illinois Consumer Fraud Act; (3) violation of the Illinois Uniform Deceptive Trade Practices Act; and (4) civil conspiracy between Telispire and U.S. Mobile.

## ARGUMENT

**I.  PLATINUMTEL HAS PROPERLY STATED A CLAIM FOR RELIEF AGAINST U.S. MOBILE AND NATOUR UNDER THE LANHAM ACT.**

The focus of Section 1125(a)(1) of the Lanham Act is to redress commercial interests that have been harmed as the result of unfair competitive practices. *Logan Graphics Products, Inc., v. Textus USA, Inc.*, 2002 WL 31507174 *2 (N.D. Ill. 2002). To prevail on a claim for false advertising under the Lanham Act, a plaintiff must establish the following elements: (1) in its advertisements, defendant made a false statement about its own product; (2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; (3) such deception is material, in that it will likely influence the purchasing decision; (4) defendant caused its falsely advertised goods to enter interstate commerce; and (5) plaintiff has been or is likely to be injured as a result of the foregoing either by direct diversion of sales from itself to defendant, or by lessening of the good will which its products enjoy with the buying public. *B. Sanfield, Inc., v. Finlay Fine Jewlery Corp.* 168 F.3d 967, 971 (7th Cir. 1999).

In satisfaction of the first element, PlatinumTel alleges that, with Telispire's knowledge and assistance, U.S. Mobile and Natour made false statements through various forms of advertisements, including point of purchase misrepresentations regarding the amount of minutes customers receive under prepaid wireless plans. (*See Amended Complaint ¶¶40, 54-55).* PlatinumTel also alleges that U.S. Mobile represents in advertisements that calls made or received during peak time are billed at a one-minute

6

connection fee on all Talk More Plans. (*Id*. at ¶40). However, U.S. Mobile routinely, arbitrarily, willfully and without notice to its customers imposes on its customers a connection fee of substantially more than one minute, thereby depleting customer accounts at will, and causing customers to receive fewer minutes that what U.S. Mobile represents in its advertising. (*Id*. at ¶43). This fraud generates a significant profit for U.S. Mobile and Telispire. (*Id.* at ¶44 and 71).

In the Affidavits accompanying its Amended Complaint, PlatinumTel states that, in November of 2007, U.S. Mobile made false statements to PlatinumTel representatives regarding the number of minutes they would receive under prepaid wireless plans. (*See ¶¶20-25 of Exhibit A of Amended Complaint*). PlatinumTel states the false statements were made at a U.S. Mobile location in the Chicago area. (*Id.* at ¶¶5, 20-25). As to the second and third elements, it is clear that statements made in point of sale advertising with regard to the amount of minutes a consumer will receive under a prepaid wireless plan, have the tendency to deceive and affect the decision to purchase. Additionally, U.S. Mobile misleads consumers into believing that it has a Customer Service Program, when in fact, the customer service number listed on its website is frequently disconnected and has been since at least February 8, 2008. (*Id.* at ¶41).

As to the fourth element, PlatinumTel has more than sufficiently alleged that U.S. Mobile falsely advertises prepaid wireless services to consumers and sells those same consumers prepaid wireless phones, placing the phones and services into interstate commerce. (*See ¶¶28 and 40 of Amended Complaint and accompanying Affidavits*). Cellular phones are considered instruments of interstate commerce. *U.S. v. Clayton*, 108 F.3d 1114, 1117 (9th Cir. 1997). As to the fifth element, PlatinumTel alleges that, as a

7

result of the defendants' fraudulent activity, PlatinumTel has posted seven figure losses in the last two years and been forced to lay off half of its workforce. (*See Amended Complaint ¶¶45-46*)*.*

PlatinumTel's Amended Complaint and accompanying Affidavits provide details sufficient to satisfy the elements required to state a claim for false advertising under the Lanham Act. Accordingly, the U.S. Mobile/Natour Motion to Dismiss as to PlatinumTel's Lanham Act claim must be denied and this Court should exercise pendant jurisdiction over PlatinumTel's state law claims.

### II. PLATINUMTEL HAS STATED A CLAIM UNDER THE ILLINOIS CONSUMER FRAUD ACT AND THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT.

The legal inquiry under the Lanham act is the same as that under the Illinois Consumer Fraud Act and Illinois Deceptive Trade Practices Act. *MJ Partners Restaurant Limited, v. Zadikoff*, 10 F.Supp.2d 922, 929 (N.D. Ill. 1998). Accordingly, as demonstrated above, PlatinumTel has properly plead claims under both Illinois' statutes and the U.S. Mobile/Natour Motion to Dismiss as to those claims must be denied.

### III. PLATINUMTEL HAS ADEQUATELY STATED A CLAIM FOR CIVIL CONSPIRACY AGAINST U.S. MOBILE AND NATOUR.

To succeed on a claim for civil conspiracy, a plaintiff must <u>eventually establish</u> the existence of an agreement between two or more persons and a tortious act committed in furtherance of that agreement. *McClure v. Owens Corning Fiberglas Corporation*, 188 Ill.2d 102, 133, 720 N.E.2d 242 (Ill. 1999)(emphasis added). A civil conspiracy can be proven with only circumstantial evidence. *Id.*

8

U.S. Mobile acted with Telispire to perpetrate fraud upon consumers in violation of the Lanham Act, Illinois Consumer Fraud Act and Illinois Deceptive Trade Practices Act. Telispire was aware of the false prepaid wireless advertising and programs being offered by U.S. Mobile through sources that include, billing and reconciliation documents pertaining to U.S. Mobile that Telispire receives from Sprint PCS and U.S. Mobile. (*See Amended Complaint ¶37*). Telispire provides U.S. Mobile with the prepaid wireless data and services sold to consumers, as well the technological platform that allows the defendants to carry out the fraud alleged. (*Id*. at ¶29). U.S. Mobile's website states, "PCS Network provided by Telispire." (*Id*. at ¶41).

As evidenced by the Affidavit of Omar Aqel, Telispire was confronted directly regarding the false advertising schemes and to PlatinumTel's knowledge, Telispire has refused to take action to stop the fraudulent activity. Through the Affidavits accompanying its Amended Complaint, PlatinumTel provides specific dates, times and locations that defendant, U.S. Mobile committed overt tortious acts in furtherance of fraud. (*See Exhibits A and B of Amended Complaint*). Through Telispire's overt acts of providing prepaid wireless data and services to U.S. Mobile with the intention of assisting in the wrongful activities, Telispire enabled and worked with U.S. Mobile to carry out the fraud alleged.

The allegations that PlatinumTel has set forth regarding U.S. Mobile's overt acts of false advertising and Telispire's knowledge of, and participation in, the false advertising, are more than sufficient to demonstrate an agreement between Telispire and U.S. Mobile to act together in violating the Illinois' statutes and the Lanham Act, thus committing fraud upon consumers. The plaintiff has clearly alleged that Telispire has

provided the means with which to carry out the fraudulent scheme, that it has knowledge of and participated in the scheme, and has profited from it. PlatinumTel's claim for civil conspiracy against U.S. Mobile and Telispire must not be dismissed.

IV. **PLATINUMTEL HAS PLEAD ALL COUNTS IN ACCORDANCE WITH THE REQUIREMENTS OF FEDERAL RULE 9(b).**

Where a plaintiff, like PlatinumTel, is alleging fraudulent misconduct under the Lanham Act that occurs over a period of time, the pleading requirements under Rule 9(b) are less stringent than in a case where a specific act of fraud is thought to have occurred. *Merix Pharmaceutical Corporation v. GlaxoSmithKline Consumer Healthcare,* 2006 WL1843370 *2 (N.D. Ill. 2006). Where fraud occurs over time, "the plaintiff does not have to allege evidentiary details, rather, it is only required to set forth the basic outline of the scheme, who made what representations and the general time and place of such misrepresentations." *Id.* The requirement that "identity" be plead is met when a plaintiff pleads only the general entity making the statement. *Id.* The "place" requirement is satisfied by a general allegation setting forth that a statement was made in a particular state or region. *Id.* The "content" requirement only mandates that the plaintiff mention the type and nature of the misleading statements, and the "method" requirement is met by pleading the type of advertising in which the statements appeared. *Id.*

As discussed in Section I above, PlatinumTel has more than satisfied the less stringent requirements of Rule 9(b), which are applicable to this case. PlatinumTel has provided detailed Affidavits giving the specifics of false statements made in point of sale advertising by U.S. Mobile. PlatinumTel states that, in November of 2007, in Chicago, U.S. Mobile made false statements in point of sale advertisements to PlatinumTel

10

representatives regarding the number of minutes they would receive under prepaid wireless plans they were purchasing.  (*See ¶¶20-25 of Exhibit A of Amended Complaint*).  PlatinumTel has also alleged, on information and belief, that U.S. Mobile routinely and significantly misrepresents the number of prepaid wireless minutes consumers will receive through advertising in various other forms including literature, posters and website materials.  (*See ¶55 of Amended Complaint*).

U.S. Mobile claims that PlatinumTel has not satisfied Rule 9(b), in that PlatinumTel "does not systematically identify individuals, dates, places, checks, customers, invoices, etc…" in its allegations.  (*See U.S. Mobile's Memorandum In Support Of Motion To Dismiss p.4*).  This argument by U.S. Mobile is without merit, as PlatinumTel's Amended Complaint and the accompanying Affidavits more than detail the information needed to satisfy the requirements of Rule 9(b).  As required under Rule 9(b), PlatinumTel has provided the identity, place, content and method of U.S. Mobile's false advertising. Moreover, U.S. Mobile blatantly misstates the contents of PlatinumTel's Amended Complaint by claiming that, "[e]very paragraph of the complaint directed to Mobile's fraudulent conduct states 'upon information and belief'." (*See p.2 of U.S. Mobile/Natour Motion to Dismiss*).  As evidenced by the detailed facts set forth in paragraph Nos. 28 and 34-42 of PlatinumTel's Amended Complaint, PlatinumTel does not base all allegations against U.S. Mobile on "information and belief".  In fact, PlatinumTel's Amended Complaint describes U.S. Mobile's fraudulent activities with in-depth specificity.  Since PlatinumTel has more than satisfied the requirements of Rule 9(b), U.S. Mobile's Motion to Dismiss must be denied in its entirety.

## V.   NATOUR IS PROPERLY NAMED AS AN INDIVIDUAL DEFENDANT.

U.S. Mobile and Natour incorrectly assert that PlatinumTel must allege facts in support of a "piercing the corporate veil" theory in order to name Natour as an individual defendant in this lawsuit. (*See p.4 of U.S. Mobile/Natour Motion to Dismiss*). PlatinumTel has named Natour as a defendant in this lawsuit based on Natour conducting business through what appear to be corporate entities, including U.S. Mobile, Inc., and Quick Comm Inc., when in fact the entities may be dissolved and/or not in good corporate standing. (*Id*. at ¶¶9-10, 12-17).

The U.S. Mobile/Natour Motion to Dismiss states that, "[M]obile and Natour, through a corporate entity, provide prepaid cellular phones and minutes…" (*See p.2 of U.S. Mobile/Natour Motion to Dis*miss).  It appears that U.S. Mobile and Natour are attempting to argue that Natour is protected from potential liability because of U.S. Mobile's supposed corporate status.  However, PlatinumTel has alleged that Natour is doing business as corporate entities that may no longer be in existence, including U.S. Mobile and Quick Comm, Inc.  (*See ¶¶9-10, 12-17 of Amended Complaint*).  "All persons who assume to exercise corporate powers without authority may be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.  *Chicago Title Institute Welfare Fund v. Hermansen*, 1996 WL 131800 *2 (N.D. Ill. 1996) citing 805 ILCS 5/3.20 (Illinois Business Corporation Act).  This includes personal liability for individuals who carry on business of a corporation after it has been dissolved. *Id.* PlatinumTel has alleged that Natour is conducting business through corporations that may no longer exist and therefore, PlatinumTel has properly named Natour as an individual defendant in this lawsuit.

**CONCLUSION**

For the aforementioned reasons, Plaintiff, PlatinumTel, respectfully requests that this Court deny Defendant, U.S. Mobile's Motion to Dismiss in its entirety.

                Respectfully submitted,

                CREMER, KOPON, SHAUGHNESSY & SPINA, LLC.

                By:    /s/ John P. Lynch, Jr.
                        Attorneys for Plaintiff

John P. Lynch, Jr.
Brian A. O'Gallagher
Jessica L. Lesniewski
CREMER KOPON SHAUGHNESSY & SPINA, LLC
180 North La Salle Street
Suite 3300
Chicago, Illinois 60601
(312) 726-3800 – Telephone
(312) 726-3818 – Facsimile
*196368_1.DOC*

## **PROOF OF SERVICE**

    I, the undersigned attorney, certify that I filed this Proof of Service and the documents identified herein through the Court's ECM/CF document filing system, which will cause electronic notification of the filing to be sent to all counsel of record.

/s/ John Lynch, Jr.