JPL/BAO/JLL                                                                    526-1-8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PLATINUMTEL COMMUNICATIONS, )
LLC,                         )
                             )
              Plaintiff,     )
                             )
v.                           )    Court No.: 08 CV 1062
                             )
ZEFCOM, LLC d/b/a TELISPIRE, )
TELISPIRE, INC., U.S. MOBILE, INC., )
EZ STREAM, INC., QUICK COM, INC., )
QUICK COM II, INC., QUICK COM )
CELLULAR CORPORATION, EZ )
COM, CHICAGO, INC., d/b/a QUICK )
COM CHICAGO, and RAMSEY )
NATOUR, individually and d/b/a U.S. )
MOBILE, INC., QUICK COMM, INC. )
a/k/a QUICK COM, INC., QUICK COM )
II, INC., QUICK COM CELLULAR )
CORPORATION and/or QUICK COM )
CHICAGO,                     )
                             )
              Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE AND FOR ORDER OF DEFAULT AGAINST DEFENDANT U.S. MOBILE, INC.

Plaintiff, PLATINUMTEL COMMUNICATIONS LLC, (hereinafter "PlatinumTel"), by its attorneys, John P. Lynch, Jr., Brian A. O'Gallagher and Jessica L. Lesniewski and CREMER, KOPON, SHAUGHNESSY & SPINA, LLC, and moves this Court for entry of an order striking the motion to dismiss of U.S. MOBILE, INC. (hereinafter "U.S. Mobile'), finding said defendant in default, and scheduling this matter for prove-up with respect to the causes of action set forth against U.S. MOBILE, INC. in PlatinumTel's First Amended Complaint For Injunctive And Other Relief due to U.S.

MOBILE, INC.'s failure to comply with the March 19, 2008 Stipulated Order.  In support

of this Motion, PlatinumTel states as follows:

**I.    U.S. MOBILE HAS FAILED TO HONOR THE TERMS OF THE MARCH 19, 2008 STIPULATED ORDER**

On February 20, 2008, PlatinumTel filed Complaint for Injunctive and Other

Relief alleging, among other things, that U.S. MOBILE, INC ("U.S. Mobile") engaged in

a systematic scheme to deceive and mislead consumers who use pre-paid wireless voice

and data services by not providing those consumers with the wireless minutes the

defendants promised them.  PlatinumTel alleged that U.S. Mobile's scheme violated

Section 43(a) of the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act,

and the Illinois Consumer Fraud and Deceptive Business Practices Act.  (*See* Complaint

For Injunctive And Other Relief filed February 20, 2008).

Also on February 20, 2008, PlatinumTel filed an Emergency Motion for

Temporary Restraining Order and Preliminary Injunction against U.S. Mobile seeking the

entry of a temporary restraining order and thereafter a temporary injunction to enjoin

U.S. Mobile from, among other things:  1) using false or misleading advertising or

description in connection with prepaid wireless service; 2) engaging in any activity

constituting unfair competition with PlatinumTel; 3) destroying or otherwise disposing of

any advertisements or documents pertaining to advertising or sales of prepaid wireless

services; and 4) assisting, aiding or abetting other persons or businesses in engaging or

performing in any of the activities enumerated in PlatinumTel's complaint.  (*See*

Emergency Motion For Temporary Restraining Order And Preliminary Injunction filed

February 20, 2008).

On March 19, 2008, the Court entered the Stipulated Order under which U.S. Mobile agreed to make certain disclosures to its consumers regarding the terms and conditions of any prepaid wireless services, and to make available to its consumers the details of each and every call those consumers made to resolve the issues raised by PlatinumTel's motion for preliminary injunction. (*See* Stipulated Order entered March 19, 2008 and attached hereto as **Exhibit "A"**).

Additionally, under paragraph 5, the Stipulated Order provides, in relevant part, as follows:

> **"U.S. Mobile further agree[s] to file with this Court a certified statement within 14 days of entry of this Stipulated Order identifying the methods employed to ensure that this order is being followed and that all prepaid wireless minutes are being debited in accordance with the terms and conditions."** (See Ex. A, par. 5).

The certified statement referenced in paragraph 5 of the Stipulated Order was due on or before April 2, 2008.

Also, under paragraph 8, the Stipulated Order provides, in relevant part, as follows:

> **"U.S. Mobile further agree[s] to file with this Court a certified statement every 30 days after the initial certified statement referenced in Paragraph 3 identifying the changes in rates, connection fees or other terms and conditions over the previous 30 days and the methods employed to ensure that this order had been followed."** (See Ex. A, par. 8).

Despite U.S. Mobile's agreement to abide by the terms of the Stipulated Order, to date, U.S. Mobile has not filed the initial statement that was due April 2, 2008 and it has not filed the certified statements due 30 days thereafter.

On April 30, 2008, PlatinumTel filed its First Amended Complaint For Injunctive And Other Relief, which asserts, among other things, that U.S. Mobile violated Section 43(a) of the Lanham Act, the Illinois Deceptive Trade Practices Act, and the Illinois Consumer Fraud and Deceptive Practices Act. (*See* First Amended Complaint For Injunctive And Other Relief filed April 30, 2008). U.S. Mobile has moved to dismiss this complaint.

The Supreme Court has recognized that all courts are vested with an inherent power "to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123 (1991); see also *Schmude v. Sheahan*, 420 F.3d 645, 649-50, (7th Cir. 2005). This inherent power includes the capacity to sanction counsel for "willful disobedience of a court order". *Chambers*, 501 at 45-46 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59, 95 S.Ct. 2123 (1975)).

Here, U.S. Mobile has willfully disobeyed the terms of the March 19, 2008 Stipulated Order by ignoring its obligation to file the above referenced certified statements. It should not be permitted to seek a dismissal of this action while violating a court order. Accordingly, pursuant to the Court's inherent powers, PlatinumTel requests that the Court enter an order striking U.S. Mobile's motion to dismiss, finding U.S. Mobile in default, and scheduling this matter for prove-up with respect to the causes of action set forth against U.S. Mobile in PlatinumTel's First Amended Complaint For Injunctive And Other Relief along with any other relief the Court deems appropriate.

## II.    CONCLUSION

For all the aforementioned reasons, Plaintiff PlatinumTel, requests that the Court

enter an order striking U.S. MOBILE, INC.'s motion to dismiss, finding said defendant in

default, and scheduling this matter for prove-up with respect to the causes of action set

forth against U.S. MOBILE, INC. in PlatinumTel's First Amended Complaint For

Injunctive And Other Relief along with any other relief the Court deems appropriate.


Respectfully submitted,


CREMER, KOPON, SHAUGHNESSY & SPINA, LLC.



By:  ___/s/ John P. Lynch, Jr._____
                Attorneys for Plaintiff


John P. Lynch, Jr.
Brian A. O'Gallagher
Jessica L. Lesniewski
CREMER KOPON SHAUGHNESSY & SPINA, LLC
180 North La Salle Street
Suite 3300
Chicago, Illinois 60601
(312) 726-3800 – Telephone
(312) 726-3818 – Facsimile
*201856.1DOC*

## **PROOF OF SERVICE**

    I, the undersigned attorney, certify that I filed this Proof of Service and the documents identified herein through the Court's ECM/CF document filing system, which will cause electronic notification of the filing to be sent to all counsel of record.


                          /s/ John Lynch, Jr.

JPL

526-1-8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ZEFCOM, LLC d/b/a TELISPIRE, TELISPIRE, INC., U.S. MOBILE, INC., EZ STREAM, INC., QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION, EZ COM, CHICAGO, INC., d/b/a QUICK COM CHICAGO, and RAMSEY NATOUR, individually and d/b/a U.S. MOBILE, INC., QUICK COMM, INC. a/k/a QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION and/or QUICK COM CHICAGO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

Court No.: 08 CV 1062

**STIPULATED ORDER**

Plaintiff, PLATINUMTEL COMMUNICATIONS, LLC, and Defendants, ZEFCOM,

LLC d/b/a TELISPIRE, U.S. MOBILE, INC., and EZ STREAM, INC., having stipulated to the

conditions set forth below, and the Court being fully advised in the premises;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

   (1)    EZ Stream and U.S. Mobile and their subsidiaries, sister corporations, parent
         corporations, principals, officers, directors, affiliates, successors and assigns agree
         as follows:

       (a)    To disclose clearly, accurately and conspicuously on their respective
           websites, flyers and/or packaging materials accompanying any sale of pre-

**EXHIBIT**

**A**

paid cards and/or telephones, within their control, the terms and conditions of the sale of any pre-paid wireless services;

(b)    That those terms and conditions will disclose all material terms including: the respective website addresses of the defendants, the applicable customer service phone numbers, the terms of any refund policy, the value of the card or services in minutes, all rates, surcharges and fees applicable to the use of the services, and the terms of the expiration policy, if any;

(c)    To disclose clearly, accurately and conspicuously on their respective websites the details of each and every call made by their consumers such that each consumer can determine the accurate date, time and length of each call and the minutes remaining on his or her pre-paid account and that such detail will be posted on their respective websites within one (1) hour of receipt of that information from their respective service provider each call; and

(d)    To disclose on any prepaid cards sold their respective website addresses where the aforementioned information can be obtained.

(2)    EZ Stream shall make available the items specified in Paragraph 1(c) through each retail store that offers EZ Stream products or services and though its customer service line.

(3)    EZ Stream and U.S. Mobile shall make the disclosures in accordance with paragraph one (1) of this order within 30 days of the entry of this order.

(4)    EZ Stream and U.S. Mobile agree to adhere to and not deviate from the aforementioned terms and conditions and to give notice of any changes in their terms and conditions through website posting accessible through the Internet, or a written dealer posting at the point of sale, to their consumers a minimum of 48 hours prior to the change.

(5)    EZ Stream and U.S. Mobile further agree to file with this Court a certified statement within 14 days of the entry of this Stipulated Order identifying the methods employed to ensure that this order is being followed and that all prepaid wireless minutes are being debited in accordance with the terms and conditions.

(6)    Telispire agrees to review the disclosures posted by EZ Stream and U.S. Mobile pursuant to paragraph (1)(a) and (b) above for compliance with paragraph (1)(a) and (b) of this Stipulated Order, and to use commercially reasonable efforts to persuade EZ Stream and U.S. Mobile to comply with paragraph (1)(a) and (b), and report any violations of these provisions.

2

(7)     Telispire agrees to file with this Court a certified statement within 14 days of the entry of this Stipulated Order identifying the methods employed to comply with paragraph (6) of this order.

(8)     EZ Stream and U.S. Mobile further agree to file with this Court a certified statement every 30 days after the initial certified statement referenced in Paragraph 3 identifying the changes in rates, connection fees or other terms and conditions over the previous 30 days and the methods employed to ensure that this order has been followed.

(9)     Telispire further agrees to file with this Court a certified statement every 30 days after the initial certified statement referenced in Paragraph 7 setting forth its efforts to comply with paragraph (6) of this order.

(10)    Telispire represents that it currently does not have retail prepaid customers under its own brand in the Chicago market, and that, as of the date of this Stipulated Order, it does not have any present intention to sell retail prepaid service under its own brand in the Chicago market. Nothing in this order shall in any way restrict Telispire from selling retail prepaid service under its own brand in the Chicago market. In the event Telispire sells retail prepaid service under its own brand in the Chicago market, this Stipulated Order shall not apply to Telispire's retail branded services.

(11)    This Stipulated Order resolves the Emergency Motion for Preliminary Injunction filed by Plaintiff PlatinumTel Communications, LLC, but only as to those Defendants agreeing to this Order. By agreeing to this Stipulated Order, Defendants do not admit to any wrongdoing and do not admit any of the allegations of Plaintiff's Complaint or of the Motion for Preliminary Injunction. By agreeing to this Stipulated Order Plaintiff does not waive its right to seek other injunctive relief in the future.

(12)    This Stipulated Order shall remain in effect until the sooner of: (1) one year from the date of entry of this Order; or, (2) as to each Defendant individually, the date on which this action is resolved, absent further order of court. By agreeing to this provision of the Stipulated Order Plaintiff does not waive its right to seek an extension of this Stipulated Order.

AGREED:



John Mraibie, Attorney for Defendant,
EZ STREAM, INC.


Terri L. Mascherin, Attorney for Defendant,
ZEFCOM, LLC d/b/a TELISPIRE

3

08C 1062

John P. Lynch, Jr., Attorney for Plaintiff,
PLATINUMTEL COMMUNICATIONS, LLC

Sam Natour, CEO
U.S. MOBILE, INC

ENTERED:

_____  3/19/2008
            Judge                      Date

**MAR 1 9 2008**

187186

4