IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PLATINUMTEL COMMUNICATIONS, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Court No.: 08 CV 1062 |
| ZEFCOM, LLC d/b/a TELISPIRE, TELISPIRE, INC., U.S. MOBILE, INC., EZ STREAM, INC., QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION, EZ COM, CHICAGO, INC., d/b/a QUICK COM CHICAGO, and RAMSEY NATOUR, individually and d/b/a U.S. MOBILE, INC., QUICK COMM, INC. a/k/a QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION and/or QUICK COM CHICAGO, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLATINUMTEL COMMUNICATIONS, LLC'S
## MOTION FOR JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

Plaintiff, PLATINUMTEL COMMUNICATIONS, LLC, ("PlatinumTel") by its attorneys, John P. Lynch, Jr., Holly R. Stevens and Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, pursuant to Rule 55 of the Federal Rules of Civil Procedure moves for entry of a judgment and the issuance of a permanent injunction resulting from Defendants, EZ STREAM, INC. ("EZ Stream"), RAMSEY NATOUR, individually and d/b/a U.S. MOBILE, INC. ("USM") and QUICK COMM, INC. a/k/a QUICK COM, INC., QUICK COM II, INC., QUICK COM CELLULAR CORPORATION and/or QUICK COM CHICAGO (collectively "the Natour defendants") defaults. In support of thereof, PlatinumTel states as follows:

1. On February 20, 2008, PlatinumTel filed its original Complaint against all defendants. (See Doc #1). On January 23, 2009, PlatinumTel filed a Second Amended Complaint alleging: (1) false advertising under §1125(a) the Lanham Act; (2) violation of the Illinois Consumer Fraud Act; and (3) violation of the Illinois Uniform Deceptive Trade Practices Act in connection with prepaid wireless services. (See Doc. #105)

2. In March 2008, PlatinumTel reached an agreement with all defendants regarding its request for immediate injunctive relief. All parties agreed to the Stipulated Order presented to this Court. (See Doc. #21).

3. On March 19, 2008, this Court entered the Stipulated Order, which states in part;

> **"EZ Stream and U.S. Mobile further agree to file with this Court a certified statement within 14 days of entry of this Stipulated Order identifying the methods employed to ensure that this order is being followed and that all prepaid wireless minutes are being debited in accordance with the terms and conditions."** (See Doc. 22, par. 5).

Also, under paragraph 8, the Stipulated Order provides, in relevant part, as follows:

> **"EZ Stream and U.S. Mobile further agree to file with this Court a certified statement every 30 days after the initial certified statement referenced in Paragraph 3 identifying the changes in rates, connection fees or other terms and conditions over the previous 30 days and the methods employed to ensure that this order had been followed."** (See Doc. 22, par. 8).

4. On September 5, 2008, PlatinumTel filed its Motion To Strike And For Order Of Default against the Natour defendants for their failure to comply with the March 19, 2008 Stipulated Order. (See Doc. #73).

5. On November 28, 2008, counsel for the Natour Defendants withdrew his appearance. (See Doc. #94). Once counsel for the Natour Defendants withdrew, no subsequent appearance was ever filed. In addition, the Natour defendants failed to appear for any hearings

and failed to answer or otherwise plead in response to PlatinumTel's Second Amended Complaint for Injunctive and Other Relief.

6. Given these failures, the Court entered an Order granting PlatinumTel's motion for default judgment against the Natour defendants on August 13, 2009. (See Doc. #141).

7. Also on September 5, 2008, PlatinumTel filed its original Motion To Strike And For Order Of Default against EZ Stream for its failure to comply with the March 19, 2008 Stipulated Order. (See Doc. #76). PlatinumTel's original Motion to Strike And For Order of Default against EZ Stream was withdrawn and resolved pursuant to agreement on September 30, 2008. On September 10, 2008, EZ Stream filed one letter stating the same policies and procedures had been in effect since May 2008. (See Doc. #79-2) This was the last time it complied with both the March 19, 2008 Stipulated Order and its agreement with PlatinumTel.

8. On April 2, 2008, PlatinumTel served EZ Stream with a Rule 34 Request for Production of documents. Despite receiving various extensions of time to respond and the Court extending discovery deadlines, EZ Stream failed to respond to the written discovery requests.

9. On November 12, 2009, this Court entered an Order granting PlatinumTel's motion for default judgment against EZ Stream. (See Doc. #155).

10. PlatinumTel respectfully requests that judgment pursuant to Federal Rule of Civil Procedure 55 be entered against EZ Stream and the Natour defendants as follows:

    a. Actual damages in the amount of $3,047,873. The actual damages amount is supported by the facts contained in the accompanying memorandum and affidavit of Omar Aqel;

    b. Costs and attorney's fees in the amount of $100,724.70. The fees and costs are supported by the facts contained in the accompanying memorandum;

c. Enhanced damages in the amount of $9,143,619. This amount is supported by the facts and arguments contained in the accompanying memorandum.

d. Punitive damages in an amount sufficient to punish EZ Stream and the Natour Defendants for its past intentional and malicious conduct and deter the defendants from engaging in the same conduct in the future.

11. PlatinumTel also respectfully request that the Court enter a Permanent Injunction requiring the following:

(a) EZ Stream, Ramsey Natour, individually and d/b/a U.S. Mobile, Inc., Quick Comm, Inc. a/k/a Quick Com, Inc., Quick Com II, Inc., Quick Com Cellular Corporation and/or Quick Com Chicago and U.S. Mobile and their subsidiaries, sister corporations, parent corporations, principals, officers, directors, affiliates, successors and assigns are required:

(1) To disclose clearly, accurately and conspicuously on their respective websites, pre-paid cards and packaging materials accompanying any sale of pre-paid cards and/or telephones the terms and conditions of the sale of any pre-paid wireless services;

(2) That those terms and conditions will disclose all material terms including the website addresses of the defendants, the applicable customer service phones numbers, the terms of any refund policy, the value of the card or services in minutes, all rates, surcharges and fees applicable to the use of the services, and the terms of the expiration policy, if any; and

(3) To disclose clearly, accurately and conspicuously on their respective websites the details of each and every call made by their consumers such that each consumer can determine the accurate date, time and length of each call and the minutes remaining on his or her pre-paid account, within 15 minutes of each call.

(b) EZ Stream, Ramsey Natour, individually And d/b/a U.S. Mobile, Inc., Quick Comm, Inc. a/k/a Quick Com, Inc., Quick Com II, Inc., Quick Com Cellular Corporation and/or Quick Com Chicago and U.S. Mobile agree to adhere to and not deviate from the aforementioned terms and conditions without written notice through website posting, dealer posting and SMS to their consumers of a minimum of 48 hours, or until further order of Court.

(3) EZ Stream, Ramsey Natour, individually And d/b/a U.S. Mobile, Inc., Quick Comm, Inc. a/k/a Quick Com, Inc., Quick Com II, Inc., Quick Com Cellular Corporation and/or Quick Com Chicago and U.S. Mobile further agree to file with this Court a certified statement within 14 days identifying the methods employed to ensure that this order is being followed and that all prepaid wireless minutes are being debited in accordance with the terms and conditions.

CREMER SPINA SHAUGHNESSY JANSEN & SIEGERT, LLC

By: /s/ Holly R. Stevens
One of Its Attorneys

John P. Lynch, Jr.
Holly R. Stevens
CREMER SHAUGHNESSY SPINA JANSEN & SIEGERT, LLC
180 North La Salle Street
Suite 3300
Chicago, Illinois 60601
(312) 726-3800 – Telephone
(312) 726-3818 – Facsimile
234685